**George CABRAL, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**No. C–83–5430 EFL.**

United States District Court, N.D. California.

Oct. 1, 1984.

832

Alan R. Bergman, Lafayette, Cal., for plaintiff.

Glenda Robinson, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM DECISION

LYNCH, District Judge.

Claimant brought this action, pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review the final decision of the Secretary of Health and Human Services ("Secretary") denying claimant's application for disability benefits. This matter is before the Court on claimant's motion and defendant's cross-motion for summary judgment.

Claimant filed his current (third) application for disability benefits on July 19, 1982, alleging the onset of the disability as December 12, 1978. Two prior applications were denied but claimant did not pursue judicial review of those actions. The Administrative Law Judge ("ALJ") held a hearing on his third application on May 5, 1983, and issued a written decision dated May 31, 1983 affirming the Secretary's denial of benefits. The ALJ's decision became the final decision of the Secretary when it was approved by the Appeals Council on September 6, 1983. Claimant then filed this action seeking judicial review of the ALJ's decision.

## STATEMENT OF FACTS

Claimant was born on June 5, 1927 and has completed tenth grade. During the ten years prior to his alleged disability, he worked as a warehouseman for a liquor business. He alleges that he became unable to work on December 12, 1978 due to a heart condition (TR: 302). His treating physician, Dr. Ester Lazo, stated that he was hospitalized in December, 1978 for acute myocardial infarction complicated by cardiopulmonary arrest (TR: 342).

The medical evidence contained in the record centers on identifying the range of work which claimant has the capacity to perform. One medical opinion states that Mr. Cabral is able to perform limited medium exertion. However, the remaining examining and consulting physicians conclude that he can perform either light or sedentary work.

The first medical opinion was rendered in April, 1979 by the defense consultant in claimant's Workmen's Compensation case, Dr. Fredric Minz. After an examination and interview, Dr. Minz stated that claimant's cardiac impairment would preclude him from performance of other than light work (TR: 144). Later, in September, 1980, Dr. Minz re-examined claimant at the request of claimant's attorney. Based on this examination, Dr. Minz concluded that Mr. Cabral was limited to a sedentary occupation (TR: 267).

The claimant's consulting doctor, Dr. Embree Blackard, Jr., conducted an examination in August, 1979 from which he also concluded that the claimant was limited to semi-sedentary work (TR: 153).

In December, 1980 and April, 1981, two physicians acting as consultants for the Department of Social Services evaluated claimant's work ability after reviewing the medical records and findings. They both expressed the opinion that claimant retained sufficient residual functional capacity to perform light work (TR: 276, 280).

The Department of Social Services' examining specialist, Dr. Arnold Goldschlag-

er, examined the claimant in September, 1982. The results of a treadmill exercise test showed that claimant was able to exercise to a level of approximately eight METS. Based on this test as well as others, Dr. Goldschlager stated that claimant could perform only light work (TR: 345).

The only doctor in the record to state that claimant's residual functional capacity was for *medium* work was Dr. Robertson, a Department of Social Services consulting physician. (TR: 352). His opinion, however, was reviewed and rejected by Dr. Peterson, another Department of Social Services consultant who concluded claimant was indeed limited to light work (TR: 353).

Finally, and most importantly, Dr. Ester Lazo, who has treated claimant since his initial hospitalization in December of 1978, stated in a report dated May 4, 1983 that: "Mr. Cabral's condition is such that he fits somewhere between the limitation to light work to limitation to sedentary work according to the Guidelines for Identifying the Range of Residual Functional Capacity." (TR: 354).

After reviewing the medical evidence and claimant's testimony, the ALJ made the following findings and conclusions in pertinent part:

. . . .

(9) That claimant has the physical ability to engage in "medium" work, as defined in the Social Security Administration Regulations;

. . . .

(12) That Rule 203.11 of Table No. 3 in Appendix 2 to the Social Security Administration Regulations provides a frame of reference which conforms with a conclusion by the undersigned that claimant is "not disabled"

. . . .

(15) That the claimant was not under a "disability" as defined in the Social Security Act, as amended, at any time on or prior to the date of the decision.

The issue before this Court is whether the ALJ's decision is supported by "substantial evidence." *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The findings of the Secretary are subject to reversal or remand if they are not supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales* at 401, 91 S.Ct. at 1427 (quoting *Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). This Court, therefore, must decide whether the Secretary's finding of claimant's non-disability is supported by substantial evidence.

## DISCUSSION

■ At the outset, defendants argue that the two prior determinations of the ALJ that claimant had no severe impairment that would preclude him from engaging in substantial gainful activity create a presumption that plaintiff remains capable of performing substantial gainful activity. *Lyle v. Secretary of Health and Human Services,* 700 F.2d 566 (9th Cir.1983). However, claimant can overcome this presumption by demonstrating that "conditions have changed" since the prior decisions. *Id.* at 568. At the third hearing on May 5, 1983, claimant was fifty-five years of age and for the first time he met the criteria of the "advanced age" category according to the Medical-Vocational Guidelines. Appendix 2 to 20 C.F.R. §§ 404.-1501–1599. Thus, claimant has rebutted the presumption through proof of his advancing age.

The second issue before the court, therefore, is whether there is substantial evidence to support the ALJ's finding of non-disability. In order to qualify for disability benefits under the Social Security Act, a claimant must demonstrate that he or she is unable to "engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). By regulation the Secretary has adopted a five-step "sequential evaluation" process to

determine whether individuals qualify for benefits. 20 C.F.R. § 404.1520.[1] In the present case, there is no controversy surrounding the ALJ's findings for steps one through four. Claimant is not engaged in work that constitutes substantial gainful activity. His impairment is severe; however, it does not meet or equal the criteria of a listed impairment in Appendix 1. He is unable to return to any of the jobs he has performed in the past.

The findings of the ALJ at step five, however, form the basis of this appeal. Even if the claimant cannot perform his or her past work, the fifth step calls for a determination of whether he or she can perform work available through jobs in significant numbers in the national economy. The ALJ must make this assessment in light of the individual's RFC, age, education, and work experience. Using these four factors, the ALJ must apply the medical-vocational guidelines contained in Appendix 2 to 20 C.F.R. §§ 404.1501–1599 in order to establish whether claimant is disabled.

 While the testimony is uncontroverted that claimant was of advanced age, had limited education and unskilled work experience, it is the ALJ's finding of fact that claimant's RFC is limited to medium work that the court finds not supported by substantial evidence. Every doctor who examined claimant or who was consulted by either the government or by the claimant stated that Mr. Cabral could perform only light or sedentary work. The only physician who stated that Mr. Cabral could perform medium work had not examined Mr. Cabral and in addition, his opinion was subsequently overruled by another government doctor.

 The physician who treated claimant since his hospitalization in 1978 unequivocally stated that claimant was limited to sedentary or light work. The ALJ must afford substantial weight to the opinion of the treating physician. *Murray v. Heckler,* 722 F.2d 499, 502 (9th Cir.1983). While the expert's opinion is not determinative on the ultimate issue of disability, the ALJ must give clear and convincing reasons for rejecting it. *Rhodes v. Schweiker,* 660 F.2d 722 (9th Cir.1981). In the present case, the ALJ failed to give *any* reason for rejecting Dr. Lazo's findings or those of the other experts.

The ALJ chose to ignore the opinions of these medical experts and instead to substitute the conclusion of Social Security Ruling 82–51 (1983). This ruling is a guideline for determining residual functional capacity in cardiovascular impairments. It is nothing more than a diagnostic tool to be considered along with other evidence. Defendants argue that where Congress explicitly committed to the Secretary the authority to promulgate regulations concerning standards for Social Security Act programs, these regulations are entitled to "legislative effect" rather than "mere deference or weight." However, the cases cited by defendant in support of this proposition concern the weight to be given *regulations* not rulings. The preface to the Social Security Rulings states that these rulings "do not have the force and effect of the law or regulations."

Residual functional capacity is a medical assessment. Other descriptions and obser-

---

**1.** (1) If the claimant is presently engaged in substantial gainful activity, he or she is disqualified from receiving benefits.

(2) If the claimant is not working, the ALJ must determine whether the claimant's condition is severe. If not, he must deny the benefits.

(3) If the impairment is severe, the ALJ must determine whether the claimant meets the criteria of a listed impairment set forth in Appendix 1 to 20 C.F.R. §§ 404.1501–1599. If the claim-

ant meets or equals the listings, he or she is entitled to benefits.

(4) If the claimant does not meet or equal the listings, the ALJ must determine whether the claimant can perform past relevant work predicated on his or her residual functional capacity ("RFC"). If the claimant can perform past relevant work than a finding of non-disability is required.

vations, when used to help determine claimant's RFC, must be considered along with the rest of his medical record. 20 C.F.R. § 404.1545. Mr. Cabral's medical record contains the opinion of seven different medical experts that he can perform only light or sedentary work. The Social Security ruling is based on only two factors: the diagnosis of the type of heart disease and the results of a treadmill exercise test.

The Social Security Act and its regulations require the Secretary to make a realistic, individual assessment of each claimant's ability to engage in substantial gainful activity. *See Heckler v. Campbell*, 461 U.S. 458, 466, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66 (1983). Mr. Cabral did not receive that assessment. On the contrary, the ALJ relied on an administrative ruling that considers two medical factors in a vacuum to overrule the medical opinions of the claimant's treating physician and the opinions of the government's own examining and consulting doctors.

We do not consider such a ruling to be relevant evidence that a reasonable mind might accept as adequate to support a conclusion, especially in light of the fact that the "conclusion" is at odds with the findings of seven medical experts.

We find that the evidence is overwhelming that Mr. Cabral's RFC is limited to light work. Applying the uncontroverted facts of claimant's advanced age, unskilled vocational background and limited education to the tables in Appendix 2, we find that Rule 202.01 of Table No. 2 mandates a finding of disability.

## CONCLUSION

There is no genuine issue of material fact as to claimant's disability from June 30, 1981 to the present. Accordingly, claimant's motion for summary judgment is granted. Defendant's cross motion for summary judgment is denied.

IT IS SO ORDERED.