**David DIXON, et al., Plaintiffs,**

v.

**Margaret M. HECKLER, as Secretary of the Department of Health and Human Services, Defendant.**

**No. 83 Civ. 7001 (MEL).**

United States District Court, S.D. New York.

Jan. 2, 1985.

John E. Kirklin, The Legal Aid Society, Civil Appeals and Law Enforcement Unit, Nancy Morawetz, Conrad Johnson, Atty. in Charge, The Legal Aid Society, New York City, for plaintiffs.

Robert Abrams, Atty. Gen. of the State of N.Y., Mary Fisher Bernet, Asst. Atty. Gen., New York City, for the State of New York.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., Denny Chin, Asst. U.S. Atty., New York City, for defendant.

## ENDORSEMENT

LASKER, District Judge.

Plaintiff David Dixon's motion for judgment on the pleadings and defendant's cross-motion to remand for further administrative proceedings were referred to Honorable Harold J. Raby, United States Magistrate, for report and recommendation.

Under date of December 12, 1984 Magistrate Raby submitted his report recommending that defendant's cross-motion to remand be denied and plaintiff's motion for judgment on the pleadings be granted subject to conditions.

Neither party has filed written objections and we have been advised by the Assistant United States Attorney in charge of the case that the government does not object to the Magistrate's recommendations. Since we find the Magistrate's recommendation to be sound on the facts and law we affirm it. Defendant's motion to remand is denied. Plaintiff's motion for judgment on the pleadings is granted reversing the prior adverse decision by the Secretary which declared plaintiff ineligible for receipt of social security disability payments.

The case is remanded to the Secretary for the limited purpose of computing the amount of benefits payable to the plaintiff pursuant to his application dated August 5, 1981 and for the payment of such benefits.

It is so ordered.

## REPORT AND RECOMMENDATION

### December 12, 1984

HAROLD J. RABY, United States Magistrate.

Pursuant to Title 28 U.S.Code § 636(b)(1)(B), you have referred to me, as a Magistrate of this Court, for report and recommendation, (1) a motion by the first-named plaintiff in this class action, David Dixon, filed October 9, 1984 (Court Document # 47), seeking judgment on the pleadings reversing outright a prior adverse decision against the plaintiff by the defendant, Secretary of the Department of Health and Human Services (hereinafter "Secretary") and declaring plaintiff eligible for the receipt of such monthly Social Security benefits as the plaintiff would be entitled to receive based upon an assumed favorable determination of his August 5, 1981 application for Social Security disability benefits; and (2) a cross-motion by the defendant Secretary, filed by the United States Attorney on October 19, 1984 (Court Document # 49), seeking an order remanding the case, pursuant to Title 42 U.S.Code § 405(g) for further administrative action which, if pursued, might well, according to the United States Attorney, result in a final administrative decision favorable to the plaintiff Dixon, thereby obviating the need for further action by this Court as to his case.

Both motions must be viewed in the light of the prior history and background of this litigation, which may be summarized as follows.

The plaintiff Dixon, having commenced this action on behalf of himself and others "similarly situated," thereafter, by appropriate motion, sought class action certification as well as a preliminary injunction enjoining enforcement by the Secretary of a so-called "severity regulation" claimed by plaintiff to be invalid.

In a published opinion dated June 22, 1984 granting that relief, reported as *Dixon v. Heckler*, 589 F.Supp. 1494 (S.D.N.Y. 1984), you described and summarized the prior administrative proceedings, insofar as they related to the plaintiff Dixon, as follows:

> David Dixon suffers pain in his right hip from a serious fracture which he sustained in an automobile accident in 1969, and attends the Harlem Rehabilitation Center as an outpatient for six hours a day, five days a week. He is blind in one eye, (also as a result of the automobile accident) suffers from a personality disorder, and has a verbal I.Q. of 68. The Administrative Law Judge ("ALJ") found each of Dixon's impairments to be non-severe under the second step of the five-step disability analysis. As to the hip fracture, The ALJ found that if Dixon underwent "intensive therapy" he would "possibly enhance [sic] his current disability." Dixon's blindness in one eye was found not to be a severe impairment because he retained essentially normal sight in his other eye. As to Dixon's mental capacity and psychological problems, the ALJ stated that there was "a good possibility" that these problems would not prevent Dixon from working if he obtained "retraining and some program to help [him] with his motivation." Because the ALJ considered each impairment not to be severe based on the medical evidence, he did not consider (and,

under the regulation, was not free to consider) whether Dixon was able to return to his last job (which had ended in 1974), or whether in view of Dixon's impairments and his age, education, and work experience, he was capable of performing any job in the national economy. There is no indication that the ALJ considered the combined effect of Dixon's impairments. The Appeals Council affirmed.

*Id.* at 1498–1499 (footnote omitted).

In granting a preliminary injunction and class certification, you ruled, in effect, that the denial of federal disability claims under the so-called "severity regulation," 20 C.F.R. §§ 404.1520(c) and 416.920(c) (1983), violates the Social Security Act because the regulation conflicts with the Act's definition of disability. You held that the severity of an impairment must be evaluated in terms of the combined effect of the impairment and the claimant's age, education, work experience and ability to return to prior work. You further found that the Secretary's policy of refusing to consider the combined effects of impairments "which are individually found not to be severe is manifestly irrational and finds no support either in logic or the Social Security Act." 589 F.Supp. at 1508. That ruling was in part based upon the Secretary's implementation of the severity regulation in the form of a pronouncement identified as "SSR 82–55," which you described, in your June 22nd opinion (589 F.Supp. at 1507) as follows:

SSR 82–55 provides directions to SSA personnel on how to apply the Secretary's severity regulation. The ruling contains a list of 20 impairments that are to be considered per se non-severe. In addition, the ruling directs SSA adjudicators to evaluate the severity of a claimant's impairments singly, not in combination. Thus, if each of a claimant's impairments is deemed not severe standing alone, no consideration may be given to their combined effect on the claimant.

Your holding in the foregoing respect seems to me to be entirely justified, if not mandated, by prior holdings of the Second Circuit Court of Appeals. *See, e.g., Felshina v. Schweiker,* 707 F.2d 71, 73–74 (2d Cir.1983); *Kolodnay v. Schweiker,* 680 F.2d 878, 879–880 (2d Cir.1982). *See also Murphy v. Schweiker,* 524 F.Supp. 228, 232 (E.D.Pa.1981), wherein it is stated that

[u]nless an ALJ considers all of a plaintiff's impairments, singly *and in combination,* his decision is not supported by substantial evidence.

(Emphasis in original.) (Citation omitted.)

On the basis of the abovementioned holding, you granted the plaintiff Dixon's motion to certify this case as a class action to the extent that it involved the cases of other disability applicants whose applications had similarly been denied under color of the aforementioned "severity regulation" which, as above stated, appeared to you to be invalid, and additionally granted a preliminary injunction barring the enforcement *pendente lite* against class members, of the severity regulation on the ground that the class plaintiffs "have demonstrated a likelihood of success as to the invalidity of the severity regulation." 589 F.Supp. at 1509.

Presumably, therefore, any and all members of the newly certified class herein can now apply to this Court for summary judgment or judgment on the pleadings, directing that the proceedings as to each movant be remanded to the Secretary, with instructions to consider the combined effect of each claimant's physical or mental ailments in order to determine whether that claimant is to be deemed disabled.*

However, in an implementing order dated July 25, 1984 (filed July 26, 1984 as Court Document #43), in which you recognized the fact that a substantial number of per-

---

* In my Report to Judge Sofaer dated May 25, 1984 in the case of *Lane v. Heckler,* 83 Civ. 1184 (ADS), I reached a similar conclusion and recommended a remand to the Secretary to the end that "claimant's alleged impairments ... be evaluated in light of their aggregate effect on the claimant." That Report was confirmed and approved by Judge Sofaer in an Order of Remand dated June 11, 1984, filed June 12, 1984.

sons who, in addition to being entitled to the rights set forth in your July 22, 1984 decision (589 F.Supp. 1494, *supra*) might have additional and entirely separate and independent grounds for a reversal of prior administrative decisions made in their cases by the Secretary, with or without remand, you expressly noted as follows:

19. Nothing in this order shall be construed as precluding members of the plaintiff class from obtaining greater relief on alternative grounds.... Nothing in this order shall be construed as precluding class members who choose to proceed with their individual court cases from seeking preliminary relief in those cases.

By virtue of the above-quoted order of July 25, 1984, Dixon, as one of the plaintiffs in this class action, was clearly given the right either to accept a prior offer made herein by the Secretary to accept a voluntary remand—or to reject such offer, and instead seek judgment on the pleadings, on grounds separate and apart from the ground that the severity regulation in Dixon's case had been misapplied. Dixon, by his counsel, has elected the latter alternative and seeks judgment on the pleadings reversing outright, and without the possibility of further remand, the Secretary's decision, on the ground that the undisputed evidence of record in the administrative proceedings requires a finding of disability as a matter of law.

Dixon's attempt to obtain a final judgment, without remand, by this Court is, however, opposed by the United States Attorney, on the ground that inasmuch as it is clear, and in fact conceded, that the prior administrative decision represents a misapplication of the law (as your prior decision herein appears to recognize), the Secretary should be given an opportunity to correct that misapplication, and having corrected it, to reach a new decision, which, according to the United States Attorney, may well favor the plaintiff.

If the plaintiff's sole ground for attacking the prior administrative decision in his case were the conceded misuse by the Sec-

retary of a presumably invalid or defective regulation, I believe that the defendant would clearly be entitled to an order remanding the proceedings for further administrative action of a corrective nature. The Court's discretionary power to order such remand cannot be doubted. *Chico v. Schweiker*, 710 F.2d 947, 955 (2d Cir.1983). It would certainly be appropriate to exercise such discretion in favor of the Government and allow remand, in the interests of judicial economy and orderly procedure, if the plaintiff Dixon were relying solely upon the alleged invalidity of the severity regulation. However, here, it is clear from Dixon's brief, that he is not now addressing himself to that issue at all, but to a separate issue. As is noted at page 2 of the plaintiff's Reply Memorandum of Law herein (Court Document # 51 filed October 26, 1984), you issued a letter to the parties under date of July 20, 1984 in which you stated:

It appears reasonable that if a class member with a pending court action can obtain relief on a ground other than the severity regulation, he or she should be able to pursue such relief without being required to "opt out" of the class.

Accordingly, it follows, in my view, that the plaintiff Dixon is entitled to have this Court consider, irrespective of the pendency of Dixon's complaints about the invalidity of the "severity regulation," his separate and independent argument that by reason of his established mental incompetency and the degree thereof, he is automatically entitled to a determination of disability, as a matter of law, based upon the established facts of record.

Accordingly, and since, for reasons hereinafter stated, I am persuaded that the plaintiff is correct in his evaluation of the prior administrative procedure and that he is entitled to summary and final judgment of this Court for the relief demanded in the complaint, it follows that the granting of the Government's cross-motion to remand would serve no useful or constructive purpose, and that the cross-motion to remand should therefore be denied.

The remainder of this Report will consist of a statement of my views concerning the merits of the plaintiff's motion for judgment on the pleadings.

The principal argument by counsel for the plaintiff made in support of the motion for judgment on the pleadings, as set forth in Point I of the plaintiff's supporting Memorandum of Law, filed October 9, 1984 as Court Document # 48 ("Plaintiff's Memo"), is that the pertinent regulations of the Secretary require a determination of disability if a claimant has an "IQ of 60–69 inclusive and a physical or other mental impairment imposing additional and significant work related limited function." Counsel for the plaintiff note that the record establishes that Dixon's verbal IQ is only 68, and that it is also undisputed that Dixon suffers from "a number of physical and mental impairments that affect his ability to function." (Plaintiff's Memo at 7.) My attention is also called to the fact that Dixon suffers from a leg and hip injury which concededly causes "significant limitations of movement" and that an examining physician has concluded that his "ability to sit is so seriously impaired that he cannot even perform sedentary work." (Id. at 7.) He also appears to suffer from a "personality disorder." (Id. at 8.) Counsel cite the "uncontested" report of a Dr. Chlenoff indicating that Mr. Dixon has a "passive aggressive personality with antisocial features." (Id.) The brief concludes by what appears to me to be an accurate observation that "the record in Mr. Dixon's case shows that Mr. Dixon is a mentally retarded individual with numerous significant additional impairments. Thus, he plainly meets the criteria of Listing 12.-05(C) and must be found disabled." (Id. at 9, citing Townsend v. Heckler, 581 F.Supp. 157, 159 (W.D.Va.1983)).**

In addition to the arguments made in Point I of the plaintiff's brief, counsel for the plaintiff urge in Point II thereof, that "the Secretary failed to meet her burden of demonstrating that there are significant numbers of jobs in the national economy that Mr. Dixon can perform." (Plaintiff's Memo at 9.) In support of this argument, it is pointed out that the records of the New York State Office of Disability Determinations establish that plaintiff Dixon's job "as a truck driver and various laboring jobs ... would be too heavy at this time." (Id., citing Tr., 63.) In view of this showing, it is urged, and I believe correctly, that the burden thereupon shifted to the Secretary "to show that there are significant numbers of jobs in the national economy that Mr. Dixon can perform." (Id. at 10.) Counsel for the plaintiff point out, however, that the Secretary "completely failed to meet this burden; the Administrative Law Judge made no finding as to any jobs that Mr. Dixon would be capable of performing." (Id.)

From a reading of the defendant's Memorandum of Law on these two motions (Court Document # 50 filed October 9, 1984), I find no satisfactory answer to either of the points made by counsel for the plaintiff as hereinabove stated. Accordingly, and being persuaded of the intrinsic merit of those points, I am constrained to conclude that the prior adverse administrative determination rendered by the Secretary with respect to plaintiff's application for Social Security disability benefits was not only not based on substantial evidence, but was in fact contrary to law and contrary to the overwhelming weight of evidence before the Administrative Law Judge. On the record presented in the administrative proceedings, I believe that a finding of disability was mandated.

## CONCLUSION

Accordingly, and for the reasons hereinabove stated, I recommend that the defend-

** In commenting upon the plaintiff's physical condition in your opinion of June 22, 1984 (589 F.Supp. at 1503), you stated as follows:

> Plaintiff Dixon, ... who is completely without sight in one eye, has a personality disorder and a verbal IQ of 68, and requires rehabilita-

tion therapy five days a week, can hardly be said to have impairments of such a *de minimis* nature that they would not be expected to interfere with anyone's ability to work irrespective of vocational factors.

ant's cross-motion to remand for further administrative proceedings be denied and that the plaintiff's motion for judgment on the pleadings be granted; that judgment issue reversing outright the prior adverse decision by the defendant Secretary declaring plaintiff ineligible for receipt of Social Security disability payments; and remanding to the Secretary for the limited purpose of computing the amount of Social Security benefits payable to the plaintiff pursuant to his prior application therefor dated August 5, 1981, in the light of this Court's determination of his eligibility therefor, and for the payment of such benefits.

The following papers considered by me in connection with this motion are forwarded to you herewith:

1. Plaintiff's Complaint, filed September 23, 1983 (Court Document # 2);

2. Plaintiff's Amended Complaint, filed January 9, 1984 (Court Document # 7);

3. Defendant's Answer to Amended Complaint to which is attached copy of Administrative Record as to plaintiff Dixon, filed March 7, 1984 (Court Document # 14);

4. Your Implementing Order of 7/25/84, filed July 26, 1984 (Court Document # 43);

5. Plaintiff's Motion for Judgment on the Pleadings, filed October 9, 1984 (Court Document # 47);

6. Plaintiff's Memorandum of Law in Support of above Motion, filed October 9, 1984 (Court Document # 48);

7. Defendant's Notice of Cross-Motion for Remand, filed October 19, 1984 (Court Document # 49);

8. Defendant's Memorandum in Support of above Motion, filed October 19, 1984 (Court Document # 50);

9. Plaintiff's Reply Memorandum in Support of Motion for Judgment on Pleadings and in Opposition to defendant's Motion to Remand, filed October 26, 1984 (Court Document # 51).

Copies of this Report and Recommendation have been mailed this date to counsel for the interested parties herein, who are hereby advised of their right, pursuant to Rule 72(b), Fed.R.Civ.P., read in connection with Rule 6(e), Fed.R.Civ.P., to file, within 13 days after being served with a copy of this recommended disposition, any specific objections to this Report, or any part thereof, in your Chambers.