Eileen MAHER, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.

No. 83 Civ. 8781 (RLC).

United States District Court, S.D. New York.

Nov. 5, 1986.

Eileen Maher, pro se.

Rudolph W. Giuliani, U.S. Atty., for S.D. N.Y., New York City, for defendant; Mark S. Sochaczewsky, Annette H. Blum, Larry Rabinovich, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff Eileen Maher brought this action *pro se* seeking review of a final determination of the Secretary of Health and Human Services (the "Secretary") that plaintiff is not entitled to disability benefits under 42 U.S.C. § 423 or supplemental security income ("SSI") benefits under 42 U.S.C. § 1382c(a)(3)(A) of the Social Security Act, 42 U.S.C. § 301 *et seq.*[1]

The Secretary requests that the case be remanded in light of the Appeals Council's failure to apply the correct legal standard in analyzing plaintiff's medical record. Plaintiff opposes the Secretary's motion to remand.[2]

### BACKGROUND

Plaintiff, a 30–year-old woman with an 11th-grade education (Tr. 45),[3] had a work

---

**1.** The relevant provisions are as follows: A disability under 42 U.S.C. § 423(d)(1)(A) is, in relevant part:

[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

42 U.S.C. § 1382c provides in part:

(3)(A) An individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months....

(B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

**2.** On June 16, 1986, the court informed the plaintiff and the Government that it would accept plaintiff's telephone call of that date as her opposition to the Secretary's motion to remand.

**3.** "Tr." refers to the paginated administrative record filed as part of defendant's answer.

record until 1980. She worked as a clerk, carrier and letter sorting machine clerk at the United States Postal Service, a production manager at a silkscreen factory, and as a school janitor. (Tr. 63). Plaintiff alleges disability since October 4, 1980, due to chronic pulmonary obstructive disease, tachycardia, polycistic ovarian disease, a pinched nerve in both wrists, asthma, drug allergies, hormone imbalance, an ulcer, and gall bladder disease. (Tr. 22, 41). Plaintiff has been hospitalized at least six times for a variety of ailments and tests. (Tr. 288, 294–303). Her treating physician, Dr. Dyan, indicated in six separate reports from August, 1981, to August, 1984, that plaintiff was totally disabled. (Tr. 267–71, 280–81).

This case has an extensive administrative background. Plaintiff first filed an application for disability insurance benefits on March 7, 1983. (Tr. 41–44). The application was denied initially (Tr. 45–48) and on reconsideration (Tr. 50–53).[4] Plaintiff similarly filed an application for SSI benefits on March 7, 1983. (Tr. 21–30). This application was also denied initially (Tr. 31–35) and on reconsideration (Tr. 36–39). Plaintiff requested a hearing to review both applications (Tr. 56–57), but waived her right to appear at the hearing (Tr. 56, 118). An Administrative Law Judge ("ALJ") considered the case *de novo* and on August 19, 1983, found that plaintiff was not under a disability (Tr. 15–20). The ALJ's decision became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review on October 21, 1983. (Tr. 3–4).

Thereafter, plaintiff commenced this action, seeking judicial review of the Secretary's decision. On August 14, 1984, upon stipulation of the parties, the court remanded the case to the Secretary pursuant to the order in *Dixon v. Heckler*, 589 F.Supp. 1494 (S.D.N.Y.1984) (Lasker, J.), *aff'd*, 785 F.2d 1102 (2d Cir.1986), which held invalid the Secretary's policy of denial of federal disability claims if the claimant's impairment is judged to be "not severe" based on medical criteria alone, because the policy conflicts with the statutory definition of "disability."

The Appeals Council, in turn, remanded the case to an ALJ (Tr. 136A–136C), who recommended that plaintiff be found not disabled (Tr. 135). The Appeals Council remanded the case to the ALJ once more to submit new evidence to be obtained. (Tr. 134–36). A supplemental hearing was held on April 4, 1985. (Tr. 137–61). Relying on medical reports by treating physicians which established the presence of severe pulmonary, gastrointestinal, and neurological impairments, the ALJ recommended on April 15, 1985, that plaintiff be found disabled. (Tr. 128–33).[5] He determined that plaintiff is entitled to a period of disability beginning on October 4, 1980, and disability insurance benefits as of that date, as well as SSI benefits as of March 7, 1983, the date of her application. (Tr. 133).

The Appeals Council, however, declined to accept the ALJ's recommended findings and determined that plaintiff was not disabled. (Tr. 122–27).[6] It focused solely on the pulmonary function studies in the record which it interpreted as showing a mild to moderate impairment (Tr. 123–25), without discussing at all the treating physician's opinion that plaintiff is disabled (Tr. 267–71, 280–81). The Appeals Council

---

**4.** The Secretary found that plaintiff met the Social Security Act's insured status requirements for purposes of disability insurance benefits, *see* 42 U.S.C. § 423(c)(1), as of October 4, 1980, but concluded that plaintiff last met the requirements on March 31, 1983. (Tr. 19).

**5.** Specifically, the ALJ concluded:
Considering the claimant's remaining residual functional capacity, her younger age of 29, her eleven years of schooling and her past skilled, nontransferable work history, claim-

ant's occupational base is so reduced that there are no jobs existing in significant numbers that she can perform. She is, therefore, disabled within the meaning of the Social Security Act and has been disabled since the alleged onset of October 4, 1980.

**6.** *See* 20 C.F.R. § 416.920 (1986), which describes in general terms the steps the Secretary follows in evaluating disability. *See generally Chico v. Schweiker*, 710 F.2d 947 (2d Cir.1983).

found that although plaintiff suffers from "mild restrictive and mild to moderate obstructive lung disease and bilateral carpal tunnel syndrome," she had the residual functional capacity to return to her past relevant work as a letter sorting machine clerk. (Tr. 126). This finding became the final decision of the Secretary presently at issue in this case. *See* 20 C.F.R. §§ 404.-981, 416.1481 (1986).

## DISCUSSION

No one disputes that the Secretary's action contravened the law. The decision was legal error for two different reasons.

■ First, in reversing the ALJ's finding that plaintiff is disabled, the Appeals Council violated the "treating physician" rule. The Appeals Council was obliged to accept the medical opinion of plaintiff's treating physician, Dr. Dyan, unless it could point to substantial evidence to the contrary. *Schisler v. Heckler,* 787 F.2d 76, 81 (2d Cir.1986); *Bluvband v. Heckler,* 730 F.2d 886, 892–93 (2d Cir.1984). Moreover, the treating physician's opinion deserves "some extra weight," as compared to other medical reports, because the treating physician is generally most familiar with the claimant's medical condition. *Schisler, supra,* 787 F.2d at 81.

■ The Secretary's confession of error on this score is quite complete: The Appeals Council did not, he admits, give Dr. Dyan's expert opinion the "great weight" it was due. Defendant's Memorandum of Law at 6. It did not weigh Dr. Dyan's six reports of disability against contrary opinions of other doctors. Indeed it could not have done so because no physician, according to the Secretary, expressed a contrary opinion. *See id.* The Appeals Council did not address or so much as mention Dr. Dyan's several reports concluding that plaintiff is disabled. Rather, as the Secretary now concedes, the Appeals Council "substituted its own lay analysis for that of the treating physician." *Id.* In short, the Secretary's decision was legally erroneous and unsupported by substantial evidence. *See, e.g., Aubeuf v. Schweiker,* 649 F.2d 107, 112 (2d Cir.1981).

■ Second, the Appeals Council violated the rule that in determining the claimant's capacity to work, the impairments she complains of must be evaluated in combination, not individually. *Dixon v. Heckler,* 785 F.2d 1102, 1107 (2d Cir.1986); *De Leon v. Secretary of Health & Human Services,* 734 F.2d 930, 937 (2d Cir.1984).

Plaintiff asserts that her disability is a result of nine different ailments as enumerated above. The ALJ concluded from the medical evidence in the record that plaintiff is suffering from severe pulmonary, gastrointestinal, and neurological impairments. To the extent that the Appeals Council addressed these ailments at all, it discussed them individually and dismissed each one as less than severe. It did not suggest that any evidence in the record contradicts the finding of Dr. Dyan and the ALJ. Instead, as noted above, it displaced the conclusions of the experts and the fact finder with its own opinion of the evidence. Again, this disposition was an error of law and had no substantial basis in fact. *See Dixon, supra,* 785 F.2d at 1107; *De Leon, supra,* 734 F.2d at 937.

The remaining issue is whether to remand this case to the Secretary for yet more proceedings or to reverse his decision outright. The Secretary urges that the court remand "for a proper analysis of the treating physician's opinion and a new determination of plaintiff's residual functional capacity." Defendant's Memorandum of Law at 4.

The court's authority to review decisions of the Secretary derives from 42 U.S.C. § 405(g), as amended, and § 1383(c)(3), which incorporates the provisions of § 405(g) by reference. With respect to disposition of the Secretary's decision on the pleadings, section 405(g) empowers the court to affirm, modify, or reverse, "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

■ As the Secretary correctly argues, the court's power of remand is not restricted by section 405(g) when as in this case the Secretary's determination is erroneous as a matter of law and unsupported by substantial evidence. *Carter v. Schweiker*, 649 F.2d 937, 942 (2d Cir.1981); *Aubeuf v. Schweiker*, 649 F.2d 107, 116 (2d Cir.1981).

■ However, the fact that the court may remand the case does not mean that it should. On the contrary, reversal rather than remand is proper when the record already "provides persuasive proof of disability" and "further evidentiary proceedings would serve no purpose." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir.1980); *see Gold v. Secretary of Health, Education & Welfare*, 463 F.2d 38, 44 (2d Cir.1972); *Pena v. Heckler*, No. 84 Civ. 1462, slip op. at 1 (S.D.N.Y. July 9, 1985) (Carter, J.) [Available on WESTLAW, DCTU database].

■ The court finds that the proof of disability in the record is persuasive indeed. Evidently, it is also persuasive to plaintiff's treating physicians, all other examining physicians, and the ALJ. The court is in no better a position than the Appeals Council to reject the informed opinions of these people, all of whom have firsthand familiarity with plaintiff.

Nor would remand serve any legitimate purpose at this point. The Secretary has previously entered into a stipulation seeking a remand to apply the correct legal standard and the court has so ordered the stipulation. The Secretary has had one bite at the apple and offers no reason now why a second bite would be more fruitful. More to the point, substantial evidence indicates that plaintiff is disabled. No evidence contradicts that conclusion. As a matter of law, plaintiff is disabled and entitled to benefits. *See Coleman v. Weinberger*, 538 F.2d 1045, 1047–48 (4th Cir. 1976); *Mersel v. Heckler*, 577 F.Supp. 1400, 1407 (S.D.N.Y.1984) (Carter, J.).

Remands in cases such as this one are worse than purposeless. They are expensive. Plaintiff applied for benefits over three-and-a-half years ago. She has already demonstrated entitlement to benefits. Quite apart from the administrative expenses that another remand would entail, each day of delay exacts a cost from a demonstratedly deserving claimant. *See Carroll v. Secretary of Health & Human Services*, 705 F.2d 638, 644 (2d Cir.1983); *Grable v. Secretary of Health, Education & Welfare*, 442 F.Supp. 465, 471 (W.D.N.Y. 1977). Moreover, as the Secretary's track record on the sorts of error made in this case is none too impressive, *see Schisler, supra*, 787 F.2d at 82–83; *De Leon, supra*, 734 F.2d at 937, the court finds no basis for reassurance that this time the Secretary will act to "foreshorten the often painfully slow process by which disability determinations are made," *Carroll, supra*, 705 F.2d at 644.

For these reasons the Secretary's decision is reversed. The Secretary is instructed to pay plaintiff retroactive disability insurance benefits as of October 4, 1980, and SSI benefits as of March 7, 1983, consistent with the ALJ's findings (Tr. 133).

IT IS SO ORDERED.