**Rafael RIVERA, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

Nos. 83 Civ. 5903 (RLC), 84 Civ. 9167 (RLC).

United States District Court, S.D. New York.

March 11, 1987.

Endorsement April 22, 1987.

Kramer, Levin, Nessen, Kamin & Frankel, New York City (Diane S. Archer, of counsel), and MFY Legal Services, Inc. New York City (Margaret B. Sandercock, of counsel), for plaintiff.

Rudolph W. Giuliani, U.S. Atty. S.D.N.Y., New York City (Donna H. Lieberman, Sp. Asst. U.S. Atty., of counsel), for defendant.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff Rafael Rivera is a member of the class certified in *State of New York v. Heckler,* 105 F.R.D. 118 (S.D.N.Y.1985) (Carter, J.), with which familiarity is assumed. That class consists of "[a]ll New York State residents with cardiovascular impairments whose applications or eligibility for SSDI [Social Security Disability Insurance] or SSI [Supplemental Security Income] disability benefits have been or will be denied or terminated by the application of *per se* denial rules on or after June 1, 1980." *Id.* at 122. In his capacity as a class member, Rivera challenges certain policies of Otis R. Bowen, as Secretary of the Department of Health and Human Services ("the Secretary"),[1] alleging that the application of *per se* rules has resulted in wrongful denial or termination of benefits to the class.[2]

Rivera now seeks to challenge in his individual capacity the Secretary's denial of his own application for SSI benefits. He requests severance of his individual claim from the class action and moves for judgment on the pleadings. The Secretary does not oppose the motion for severance but cross-moves for judgment on the pleadings.

[1]. Otis R. Bowen, M.D., succeeded Margaret M. Heckler as the Secretary of the Department of Health and Human Services on December 13, 1985, and is substituted as defendant herein. Rule 25(d), F.R.Civ.P.

[2]. The court recently granted partial summary judgment to a subclass consisting of those plaintiff class members "[w]ho have ischemic heart disease, hypertensive vascular disease, myocardiopathies, or rheumatic or syphilitic heart disease and whose benefits have been or will be terminated based on the application of *per se* denial rules pertaining to treadmill exercise tests." *State of New York v. Bowen,* 655 F.Supp. 136, 138 (S.D.N.Y.1987) (Carter, J.). The court's opinion, with which familiarity is assumed, concluded that the Secretary has exercised a "policy of giving priority to treadmill test results [which] has resulted in the exclusion of relevant medical evidence" from disability adjudications, and that this policy has impermissibly "denied plaintiff subclass members their right to present such evidence in support of their disability claims." *Id.* at 146. Rivera, however, does not allege any such impairment as would bring his disability claim within the definition of the subclass. Thus, the relief granted in *State of New York v. Bowen* does not control the outcome of Rivera's action.

## BACKGROUND

Rivera is 62 years old, has a fourth-grade education, and his work experience is limited to unskilled labor. (Tr. 21, 82).[3] His past jobs include meatpacking, which required constant standing or walking and very heavy lifting (Tr. 90), and work as a porter involving constant standing or walking, frequent bending, lifting large garbage cans, and moving furniture. (Tr. 87). He stopped working in 1972 (Tr. 82) and alleges that he has been disabled since May, 1983. (Tr. 55).

Just prior to the alleged onset of disability, Rivera was hospitalized for three weeks for interior wall myocardial infarction, i.e., a heart attack. (Tr. 98). While in the hospital, he suffered severe pain in his chest, back, and arms, palpitations, shortness of breath, nausea, vomiting, and diaphoresis. (Tr. 282).

Rivera has subsequently experienced, among other things, dizziness, shortness of breath, vomiting, and pain in his chest, shoulders, neck, back, and stomach. (Tr. 111–15, 140–45, 180–84 & *passim* ). One of his treating physicians, Dr. George Spivack, has diagnosed him as suffering from significant arteriosclerotic heart disease induced by the heart attack, arthritis of both shoulders, diabetes mellitus, and gastritis. (Tr. 140–41). Dr. Spivack concluded that Rivera's "ability to work has been severely impaired." (Tr. 140). The physician specified that Rivera should not engage in work requiring him to carry objects heavier than ten pounds, or to remain on his feet for prolonged periods of time, or to climb stairs; nor should the work involve an emotionally stressful environment or extremes of temperature. (Tr. 141).

Rivera's application for benefits, dated May 24, 1983, was denied initially and on reconsideration. (Tr. 54–73). Administrative Law Judge ("ALJ") Helen Anyel then conducted a hearing *de novo*. (Tr. 16–52). In a decision dated April 9, 1984, the ALJ found that Rivera "has severe status post myocardial infarction, diabetes, gastritis

and athralgias." (Tr. 15). Nevertheless, the ALJ found Rivera capable of performing work that does not involve heavy exertion. (Tr. 15). In particular, she found that Rivera's impairments do not prevent him from again performing his previous work as a porter. (Tr. 15). Her decision summarizes Dr. Spivack's diagnosis, but does not address the restrictions on working conditions that he recommended. (Tr. 13). The Appeals Council affirmed the ALJ's denial of disability benefits on October 30, 1984, rendering the final decision of the Secretary. (Tr. 3–4).

## DISCUSSION

### A. *Motion for Severance*

The parties agree that severance pursuant to Rule 42(b), F.R.Civ.P., is appropriate. Still unresolved, however, is what effect severance will have on Rivera's right to pursue separate relief as a class member. The parties agree that a plaintiff may not maintain separate actions involving the very same issue. *See The Haytian Republic,* 154 U.S. 118, 124, 14 S.Ct. 992, 993, 38 L.Ed. 930 (1894). They disagree, however, on whether Rivera's individual claim is identical to the one raised by the class.

■ The Secretary invokes important concerns by referring to the rule of *The Haytian Republic.* In these days of backlogged federal court dockets, avoidance of duplicative litigation is imperative. *Crawford v. Bell,* 599 F.2d 890, 893 (9th Cir. 1979). Thus, an individual action may not be maintained concurrently with a class claim when the allegations and prayer for relief under each claim are the same. *Id.*

Conversely, however, it would be improper to foreclose the parties from pursuing separate claims where such claims are not encompassed and litigable within the original action. *See id.* In *Crawford,* for example, the court held that an inmate was entitled to challenge in his individual capacity the unsanitary conditions, visitation policy, and availability of legal resource mate-

---

**3.** "Tr." refers to the administrative transcript and record, filed as part of the Secretary's answer in this action.

rials at a prison, although an additional claim of prison overcrowding was properly dismissed from the individual action because the inmate could pursue it in an already-pending class proceeding. *Id.* at 892–93.

■ The instant case is less clear-cut because the relief that Rivera ultimately seeks—disability benefits—is the same regardless of the capacity in which he seeks it. Nevertheless, there are different allegations upon which relief is sought in the class and individual actions. The class challenges the Secretary's use of treadmill test results as a matter of policy. In his individual capacity, Rivera asserts that even assuming the Secretary's use of treadmill results was proper, he was wrongly denied SSI benefits. Although the requested relief is the same, the grounds for requesting it are different. As Judge Lasker has written, referring to a class action challenging the Secretary's so-called "severity regulation":

> It appears reasonable that if a class member with a pending court action can obtain relief on a ground other than the severity regulation, he or she should be able to pursue such relief without being required to "opt out" of the class.

*Dixon v. Heckler,* 600 F.Supp. 141, 144 (S.D.N.Y.1985) (Lasker, J.) (referring to 20 C.F.R. §§ 404.1520(c), 416.920(c)).

The court agrees that it is reasonable and indeed proper to hear Rivera's claim for relief on grounds independent of those alleged in the pending class action. Accordingly, Rivera will be permitted to pursue both claims.

### B. *Motions for Judgment on the Pleadings*

As to the merits of Rivera's individual claim, the Secretary's determination must be upheld unless it is unsupported by substantial evidence or is legally erroneous.

*Bluvband v. Heckler,* 730 F.2d 886, 891 (2d Cir.1984).

Here, plaintiff asserts that the Secretary's decision not only was unsupported by substantial evidence but was legally in violation of both the treating-physician rule and the requirement that the Secretary must consider the claimant's subjective complaints of pain. The Secretary maintains that the only issue is whether his decision was supported by substantial evidence, and he urges that it was so supported.

■ Only the alleged violation of the treating-physician rule need be considered because, as explained below, it is dispositive. The rule provides that a treating physician's diagnosis and opinion as to the nature and degree of a medical impairment is:

> (i) binding on the fact-finder unless contradicted by substantial evidence; and (ii) entitled to some extra weight because the treating physician is usually more familiar with a claimant's medical condition than are other physicians, although resolution of genuine conflicts between the opinion of the treating physician, with its extra weight, and any substantial evidence to the contrary remains the responsibility of the factfinder.

*Stieberger v. Bowen,* 801 F.2d 29, 31 (2d Cir.1986) (quoting *Schisler v. Heckler,* 787 F.2d 76, 81 (2d Cir.1986)). In addition, the physician's opinion need not be supported by concrete clinical or laboratory findings, although such findings are generally useful to the Secretary in making disability determinations. *Id.; Bluvband v. Heckler, supra,* 730 F.2d at 893.

■ The Secretary did not meet these requirements in adjudicating Rivera's claim. By finding him capable of non-heavy work, the Secretary impliedly found—contrary to Dr. Spivack's opinion—that Rivera can perform light or medium work.[4] The ALJ's decision failed to com-

---

4. To be considered capable of performing a full range of "light work" under the Secretary's definition, an individual must be able, among other things, to lift up to 20 pounds at a time, to lift or carry up to 10 pounds frequently, and to do "a good deal of walking or standing." 20 C.F.R. § 416.967(b) (1986). To be found capable of performing "medium work," the individual must be able to lift up to 50 pounds at a time,

pare the probative value of Dr. Spivack's findings with the probative value of conflicting evidence. *See Bluvband v. Heckler, supra,* 730 F.2d at 893. More fundamentally, the only arguably substantial conflicting evidence—the results of the treadmill test that Rivera performed in August, 1983, five months after his heart attack—is inconclusive in two respects. First, the August, 1983 treadmill test was terminated due to Rivera's chest pain, dizziness, and shortness of breath, a fact unacknowledged by the ALJ. Second, as Dr. Spivack noted, although Rivera registered normal electrocardiographic responses during the test, an electrocardiogram produced prior to his heart attack was also normal. (Tr. 140). In short, both the record of prior treadmill results and the circumstances surrounding the August, 1983 test seriously undercut its probative value.

■ A treating physician's opinion is presumptively the product of medical expertise and personal familiarity with the claimant over an extended period of time. Administrative fact-finders, and for that matter district judges, cannot claim such insight. It is therefore problematic, to say the least, for the Secretary to supplant a physician's professional judgment with an ALJ's opinion supported by little more than the results of a single, inconclusive treadmill test. *See State of New York v. Bowen,* 655 F.Supp. 136, 143–144 (S.D.N.Y. 1987) (Carter, J.); *Cabral v. Heckler,* 604 F.Supp. 831, 834–35 (N.D.Cal.1984). This is not to say that treadmill test findings can never amount to evidence substantial enough to outweigh a treating physician's opinion. In Rivera's case, however, the treadmill results, as well as other insubstantial considerations mentioned in the

ALJ's decision,[5] did not genuinely contradict—much less outweigh—Dr. Spivack's medical opinion. The opinion was therefore binding on the Secretary and was rejected in violation of the treating-physician rule. *Stieberger v. Bowen, supra,* 801 F.2d at 31.

## CONCLUSION

Because the Secretary improperly rejected the opinion of Rivera's treating physician, the decision is reversed and remanded for further proceedings consistent with the court's opinion.

IT IS SO ORDERED.

### ENDORSEMENT

I have plaintiff's letter of April 16, 1987, which shall be treated as a motion for the court to clarify its opinion in this case, issued on March 11, 1987.

As plaintiff has noted, the opinion concludes that "the decision [of the Secretary] is reversed and remanded for further proceedings consistent with the court's opinion." Opinion at 8. The court had intended by this direction to remand for the purpose of determining whether, under step 5 of the Secretary's disability-evaluation sequence, 20 C.F.R. § 416.920(f) (1986), plaintiff is disabled. The court did *not* intend that additional evidence be taken before the Secretary, as there has been neither a showing of new, material evidence in the case nor a showing of good cause for prior failure to incorporate such evidence into the record. *See* 42 U.S.C. § 405(g); *Aubeuf v. Schweiker,* 649 F.2d 107, 116 (2d Cir.1981).

and to lift or carry up to 25 pounds frequently. *Id.* § 416.967(c).

The Secretary necessarily rejected the restrictions placed by Dr. Spivack on Rivera's work activity—no carrying of objects heavier than 10 pounds, no prolonged standing or walking, and no climbing stairs—because these restrictions preclude both medium and light work.

5. In particular, the ALJ stated that "[t]here is no credible evidence of any angina" and "the claimant has never been prescribed Nitroglycerin." (Tr. 14). Findings with respect to angina are

irrelevant since Rivera has never alleged that angina is among his impairments. The assertion that Rivera has not been treated with nitroglycerin is directly contradicted by medical notes included in the Secretary's answer (Tr. 102–03, 105–07), and is of little significance in any event because Rivera is taking Isordil, a substitute for nitroglycerin. (Tr. 107, 140); *Physicians' Desk Reference* at 1951 (40th ed. 1986). In short, even assuming these findings are accurate, they are not relevant enough to conflict with the treating physician's opinion.

Upon further consideration, however, the court is inclined to agree with plaintiff that, apart from computation of benefits, remand would serve no purpose. It is undisputed that at 62 years old plaintiff is of "advanced" age; that his fourth-grade education is "marginal"; and that his work experience is "unskilled." Ante at 710; *see* 20 C.F.R. §§ 416.963(d), 416.964(b)(2), 416.965(a). Moreover, the finding of plaintiff's treating physician—that he is unable to perform medium or light work—was binding on the Secretary. Ante at 711–12. Under these circumstances, the Secretary's regulations direct the conclusion that plaintiff is disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.01. Further administrative proceedings would merely forestall arrival at this clearcut result, and in the meantime would deprive plaintiff of the benefits to which he is entitled. *See Carroll v. Secretary of Health & Human Services,* 705 F.2d 638, 644 (2d Cir.1983); *Maher v. Bowen,* 648 F.Supp. 1199, 1203 (S.D.N.Y.1986) (Carter, J.).

Accordingly, the court's opinion of March 11, 1987, is modified, and the decision of the Secretary is reversed and remanded for the sole purpose of computing benefits.

IT IS SO ORDERED.