**Billy GALLIGHER, Petitioner-Appellant,**

v.

**Daniel J. McCARTHY, Respondent-Appellee.**

**No. 72–2209.**

United States Court of Appeals, Ninth Circuit.

Nov. 22, 1972.

Billy Galligher, in pro. per.

Evelle J. Younger, Atty Gen. of State of Cal., Russell Iungerich and Edward T. Fogel, Jr., Deputy Atty. Gen. for State of Cal., for respondent-appellee.

Before DUNIWAY, ELY and TRASK, Circuit Judges.

DUNIWAY, Circuit Judge:

Galligher, a prisoner of the State of California, appeals from the denial of his petition for a writ of habeas corpus. We reverse.

In his petition, Galligher alleges that the Superintendent of the prison where he is incarcerated has violated his claimed constitutional right to observe certain religious holidays recognized by the religious sect of which he says he is a communicant. He previously filed a similar petition in the Supreme Court of California. That court denied it without opinion, with three of the Justices voting for the issuance of an order to show cause. The District Judge denied Galligher's federal petition solely on the ground that he had not exhausted his state remedies as required by 28 U.S.C. § 2254(b).

Galligher does not attack his conviction; he does not seek relief from custody. What he does seek is an order in the nature of an injunction that would require his keeper to recognize his claimed rights, to expunge from his disciplinary records all references to discipline that has been imposed upon him for observing the holidays in question, and to refrain from such disciplinary action in the future.

We express no opinion on the merits of Galligher's petition; the district court did not consider the merits. We hold that, under Wilwording v. Swenson, 1971, 404 U.S. 249, 92 S.Ct. 407, 30 L. Ed.2d 418, the petition is to be treated as a complaint under the Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. § 1343

(3) and (4). As such, it is not subject to the exhaustion requirements of section 2254.

The order is reversed and the case is remanded for further proceedings consistent with this opinion.