Herbert M. CRAWFORD,
Petitioner-Appellant,

v.

Griffin BELL, Attorney General of the
United States, et al.,
Respondents-Appellees.

No. 78-1609.

United States Court of Appeals,
Ninth Circuit.

April 27, 1979.

As Amended June 29, 1979.

Herbert M. Crawford, in pro. per.

John C. Merkel, U.S. Atty. (argued), Harry J. McCarthy, Asst. U.S. Atty. (argued), Seattle, Wash., for respondents-appellees.

Before WRIGHT and GOODWIN, Circuit Judges, and SPENCER WILLIAMS *, District Judge.

SPENCER WILLIAMS, District Judge.

Herbert M. Crawford appeals from the dismissal of his combined civil rights complaint and petition for a writ of habeas corpus challenging certain conditions at McNeil Island penitentiary. The issues raised by this appeal are: (1) whether dismissal of a habeas corpus petition is proper when the petitioner has not challenged the legality of his custody; and (2) whether dismissal of a litigant's claims is proper on the grounds the individual is a class member in a pending action involving the same parties and allegations and praying for the same relief.

We affirm the district court's dismissal of the petition for a writ of habeas corpus and those portions of appellant's complaint which duplicate the pending class action. We reverse, however, with regard to the dismissal of those portions of the complaint which raise issues not covered by the class action.

I.

Appellant, Herbert M. Crawford, is an inmate incarcerated at the McNeil Island federal penitentiary. On December 29, 1977 he filed a combined civil rights action and petition for a writ of habeas corpus challenging conditions at the prison. Appellant's complaint/petition was copied from a class action complaint/petition filed by the Federal Public Defender *sub nom Herman S. Evans v. Griffin Bell* C–77–61–T.

Pursuant to local rule, Crawford's complaint/petition was referred to a magistrate who issued an order to show cause on February 2, 1978. As its return, the respondent filed a brief memo requesting the court to deny the petition for a writ of habeas corpus because the district judge in *Evans* had certified a class of which petitioner was a member. The magistrate issued his report on February 23, 1978 recommending that the "petition for a writ of habeas corpus and other relief be dismissed" because the petitioner's interests appeared to be fully protected by the *Evans* action. The magistrate's recommendation was adopted by the district judge and judgment was entered accordingly.

II.

■ The judgment of the district court dismissing Crawford's petition for a writ of habeas corpus was proper for reasons other than Crawford's membership in the *Evans* class. According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484–86, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *X. (Bryant) v. Carlson*, 363 F.Supp. 928, 930 (E.D.Ill.1973). Crawford's petition does not challenge the legality of his imprisonment. Instead, the petition alleges that the terms and conditions of his incarceration constitute cruel and unusual punishment, violate his right to due process, and invade his constitutionally protected

---

\* The Honorable Spencer Williams, United States District Judge for the Northern District of California, sitting by designation.

privacy. The appropriate remedy for such constitutional violations, if proven, would be a judicially mandated change in conditions and/or an award of damages, but not release from confinement.[1]

### III.

The trial court's sua sponte dismissal of Crawford's complaint for violation of his constitutional rights was, in part, erroneous. While Crawford's complaint and the *Evans* complaint are very similar, they are not identical. Both complaints allege jurisdiction under 28 U.S.C. § 1331 and assert various constitutional and statutory violations arising from overcrowding at the McNeil Island facility. However, unlike the Federal Public Defender's complaint, Crawford's complaint also alleges that he, other prisoners, and their visitors have suffered from food poisoning due to unsanitary conditions at the McNeil Island slaughterhouse. His complaint also attacks the availability and adequacy of legal resource materials at the prison and alleges that the overcrowding has created deprivations of visiting privileges. Finally, the relief prayed for in Crawford's complaint exceeds that sought in the class complaint in that Crawford requests the court to: (1) direct the respondents to begin a program of conjugal visits; (2) direct respondents to close down the slaughterhouse until a team of inspectors are designated by the court to look into the petitioner's allegations; (3) direct respondents to comply with federal laws in regard to the legal research center at McNeil Island prison; and (4) award petitioner $100,000 in punitive damages for the abrogation of his constitutional rights.

The sparse record in this case seems to indicate the district court presumed the *Evans* class action and Crawford's complaint/petition were identical and thus dismissed Crawford's complaint on the theory his rights would be fully protected by his participation as a class member in *Evans*.

The district court's ruling raises the issue of whether dismissal of an individual complaint is proper because the complainant is a member in a class action seeking the same relief.

A similar problem was addressed by the district court in *Tate v. Werner*, 68 F.R.D. 513 (E.D.Pa.1975). In that case a prisoner class action charged, *inter alia*, there was no adequate law library for inmate use. The district court dismissed the action with respect to the law library issue on the ground a previously certified class action was still pending which raised the same issue and included all of the members of the *Tate* class. The court rested its decision on the failure of plaintiffs to opt out of the prior class action and on the following rationale.

> This is a classic situation where any relief in this court would possibly conflict with, and at least would circumscribe the flexibility of any relief determination [in the other case].

> A district court has inherent power to choose among its broad arsenal of remedies when confronted with situations where, as here, continued litigation of a matter would create undue hardship on the litigating parties, or would improvidently circumscribe the actions of another court handling a prior-certified action.

> . . .

> . . .

> We believe that, within our inherent power, in the interests of the efficient and economical administration of justice, and with due deference to a fellow judge handling a prior filed case covering the same issues, our refusal to permit continued litigation in this court was entirely appropriate. 68 F.R.D. at 520.

The rationale applies with equal force to this case. In addition, although Mr. Crawford did not have a right to opt out of the (b)(2) class certified in *Evans* he

---

1. Subsequent to the filing of this opinion the Supreme Court issued its decision in *Bell v. Wolfish*, —— U.S. ——, ——, 99 S.Ct. 1861, 1867, n. 6, 60 L.Ed.2d 447 (1979), indicating that availability of a habeas petition to obtain review of the conditions of confinement is an open question. *Bell* does not disturb our holding since there were alternative bases for jurisdiction in that case.

is listed in the complaint as one of the inmates seeking to make an appearance through plaintiff's counsel if class certification is granted. There is no reason to believe the issue of overcrowding at McNeil Island will not be fully and vigorously litigated by the *Evans* class representatives. Moreover, increasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties. A court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result. *Skelly v. Dockweiler*, 75 F.Supp. 11, 17 (S.D.Cal.1947). For these reasons the district court was correct in dismissing those portions of Crawford's complaint which duplicate the *Evans* allegations and prayer for relief.

■ The district court erred, however, in dismissing those allegations of Crawford's complaint which go beyond the allegations and relief prayed for in *Evans*. This court has established certain guidelines for the treatment of state prisoner civil rights complaints.

> When a plaintiff in a civil rights suit is confined in a state prison at the the of a hearing, he has no right to appear personally. He is, however, entitled to have: (1) process issued and served; (2) notice of any motion thereafter made by a defendant or the court to dismiss the complaint and the grounds therefor; (3) an opportunity to at least submit a written memorandum in opposition to such motion; (4) in the event of dismissal, a statement of the grounds therefor; and (5) an opportunity to amend the complaint to overcome the deficiency unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment. *Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970).

*Accord. Hansen v. May*, 502 F.2d 728 (9th Cir. 1974); *Dodd v. Spokane Co.*, 393 F.2d 330 (9th Cir. 1969); *Armstrong v. Rushing*, 352 F.2d 836 (9th Cir. 1965); *Harmon v. Superior Court*, 307 F.2d 796 (9th Cir. 1962). There is no reason why these guidelines should not apply to federal prisoner civil rights complaints as well.

The district court did not follow these procedures when it dismissed Crawford's complaint after the order to show cause on the habeas petition. However, with respect to dismissal of the claims covered by the *Evans* action the error was harmless because Crawford did not lose those claims, rather he was forced to pursue them exclusively in the class proceeding. Therefore, we only reverse the district court's dismissal of the claims concerning the slaughterhouse, law library and visitation privileges and the relief prayed for by Crawford which exceeds the relief sought in *Evans*.

### IV.

■ It is not entirely clear from the record whether or not Crawford petitioned the district court to proceed on his civil rights complaint in forma pauperis. We note, however, that the trial court may dismiss a case if it is satisfied the action is frivolous pursuant to 28 U.S.C. § 1915(d) without following the procedures set forth in *Potter v. McCall, supra*; *Boag v. Boies*, 455 F.2d 467 (9th Cir.), *cert. denied*, 408 U.S. 926, 92 S.Ct. 2509, 33 L.Ed.2d 338 (1972).

AFFIRMED in part, REVERSED in part, and REMANDED for proceedings not inconsistent with this opinion.