George M. THOMPSON, Individually and as a Class Representative of all Other Persons Similarly Situated, Plaintiffs,

v.

CITY OF CHICAGO, Defendant.

No. 84 C 2935.

United States District Court,
N.D. Illinois, E.D.

Aug. 23, 1984.

John Bernard Cashion, Peter F. Geraci, Chicago, Ill., for plaintiffs.

Robert W. Fioretti, Asst. Corp. Counsel, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge.

Plaintiff George M. Thompson ("Thompson") brings this civil rights action against the City of Chicago ("the City"), seeking a declaratory judgment and monetary damages for himself and all others similarly situated. Thompson alleges that the practice of the Chicago police officers to arrest, to charge and to detain or to imprison persons for disorderly conduct, under Municipal Code of Chicago, § 193–1(a)–(g), with no intent to prosecute such charges in court constitutes a violation of the arrestees' due process rights. Presently before the Court is the City's motion to dismiss Thompson's complaint on the ground that it duplicates a class action now pending before Judge Prentice H. Marshall in this district. The City contends that since Thompson is a member of the class certified by Judge Marshall, his claim for relief is subsumed by the class action in *Nelson v. City of Chicago, et al.*, 83 C 1168 (N.D. Ill. Second Amended Complaint filed July 20, 1984). For the reasons set forth below, the City's motion to dismiss is granted in part and denied in part.

The *Nelson* complaint and Thompson's complaint claim similar constitutional violations arising from the alleged bad faith arrests. The only significant difference between the complaints relates to the types of relief sought. Specifically, the *Nelson*

complaint seeks a declaratory judgment and injunctive relief for the entire class, plus monetary damages for the named plaintiffs. It expressly reserves the rights of any unnamed class member to bring his own suit for damages. Thompson's complaint seeks a declaratory judgment and monetary damages for both himself and all the class members he purports to represent. Thompson seeks the monetary damages as compensation for the violation of his constitutional rights and for the physical injuries he sustained from a beating by fellow prisoners during his detention.

The plaintiffs in *Nelson* represent a large class on the issue of the constitutionality of the Chicago Police Department's practice.[1] Thompson's rights to declaratory relief on this issue are fully protected by his membership in the *Nelson* class, so he must pursue this claim exclusively in the *Nelson* proceeding. *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir.1979). However, insofar as Thompson seeks monetary damages for injuries resulting from his arrest, the *Nelson* action does not encompass Thompson's prayer for relief.[2] The named plaintiffs in *Nelson* seek damages for themselves only. Thus, pending the resolution of the constitutional issues in *Nelson*, Thompson may maintain a separate action for monetary damages.

Thompson contends that he should be allowed to represent a class of persons entitled to monetary relief, "namely, all persons who have sustained physical injury as a proximate result of the civil rights violations alleged." Class certification would be inappropriate in this case. The possible claims of all the putative class members are diverse. The claims would involve different types of physical harm and numerous factual situations. Thompson does not assert a claim that is typical of a class since no single set of operative facts establishes liability. *See In re Northern District of California, Dalkon Shield IUD Products Liability Litigation*, 693 F.2d 847, 853 (9th Cir.1982), *cert. denied, sub nom. A.H. Robins Company, Inc. v. Abed*, 459 U.S. 1171, 103 S.Ct. 817, 74 L.Ed.2d 1015 (1983).

Thompson may therefore maintain a separate action, but only on the issue of monetary damages to which he might be entitled and only on behalf of himself. Accordingly, the City's motion to dismiss is granted in part and denied in part. It is so ordered.

---

1. Judge Marshall certified the class in *Nelson* as: all persons who have been, are now being, or in the future may be arrested, charged, and detained or imprisoned by police officers of the City of Chicago for purportedly violating Municipal Code of Chicago § 193–1(a)–(g), and where the arresting officer had or has the intention that no charges would or will be filed in court and that no prosecution would follow.

2. *See Horton v. Irving*, 553 F.Supp. 213, 216 (N.D.Ill.1982), for another case in which the relief sought in two related actions was not the same.