831 F.2d 296
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Russell Thomas PEPPARD, Petitioner-Appellant,
v.
Warden Bill STORY, Respondent-Appellee.
 No. 87-5341.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1987.
 
 1
 Before WELLFORD and RALPH B. GUY, Circuit Judges, and THOMAS A. HIGGINS,* District Judge.
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The pro se petitioner is a federal prisoner confined at the Federal Correctional Institution at Ashland, Kentucky (FCI Ashland). In November of 1983, the petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. In his petition, he alleged that his right to due process and equal protection had been violated by the prior refusal of the district court to grant his 28 U.S.C. Sec. 2255 motion to vacate his kidnapping conviction and by the inadequacy of the law library at FCI Ashland. On the magistrate's recommendation, the district court dismissed the petitioner's first claim without objection by the petitioner. The district court later dismissed petitioner's second claim based on a second report by the magistrate which indicated that the petitioner had failed to exhaust his administrative remedies with the Bureau of Prisons. Petitioner filed timely objections to the magistrate's report recommending dismissal of his second claim. In his objections, and on appeal, petitioner argues that he had in fact exhausted his administrative remedies. We need not decide this question, however, given our conclusion that the petitioner's action was properly dismissed under Fed.R.Civ.P. 56 irrespective of the administrative remedies yet available to him.
 
 
 4
 Although the order of the district court does not refer to Fed.R.Civ.P. 56 as a basis for dismissing the petitioner's action, the reliance of the district court on matters outside the pleadings requires that its order be treated as one granting summary judgment. Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389 (6th Cir.1975). Summary judgment is properly granted if the record taken as a whole fails to reveal a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, 477 U.S. ---, 106 S.Ct. 2505, 91 L.Ed.2d 202, 211 (1986); Smith v. Hudson, 600 F.2d 60 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979). Because the record in the present appeal satisfies both these requirements, the district court properly dismissed the petitioner's second claim.
 
 
 5
 This second claim does not state a cognizable cause of action under 28 U.S.C. Sec. 2241. A petition for a writ of habeas corpus pursuant to Sec. 2241 is an extraordinary writ which lies to challenge the duration or legality of one's confinement. Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir.1979); Bryant v. Carlson, 363 F.Supp. 928 (D.C.Ill.1973). The petitioner challenges neither of these aspects of his imprisonment; nor does he request a speedier release from confinement. His second claim, however, can be construed as a Bivens-type action. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 396-97 (1971). Even construed as a Bivens-type action, however, the petitioner's second claim was also properly dismissed. No genuine issue of material fact concerning the adequacy of the law library at FCI Ashland was raised in the record. The sole fact alleged is that the law library is open only 30 hours per week. This undisputed fact of itself does not entitle the petitioner to judgment on his behalf.
 
 
 6
 A prisoner's right of access to the courts may be satisfied in either of two fashions, through the provision of legal assistance or through the provision of an adequate law library. Bounds v. Smith, 430 U.S. 817, 828 (1977). This court has previously held that no specific amount of library time is required in order to satisfy a prisoner's right to access to the courts under Bounds v. Smith. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). All that is required is reasonable and adequate access. Because the undisputed facts reveal that the petitioner was afforded reasonable access, his second claim was properly dismissed.
 
 
 7
 Accordingly, the order of the district court entered on March 17, 1987 is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, U.S. District Judge for the Middle District of Tennessee, sitting by designation