972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert A. SMITH, Petitioner-Appellant,
v.
Alicemarie H. STOTLER, et al, Respondent-Appellee.
 No. 91-55560.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1992.*
Decided July 16, 1992.
 
 Before CHAMBERS, SNEED and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Robert A. Smith appeals the denial of his habeas corpus petition in which he alleged that Judge Stotler and Magistrate Rose improperly denied his earlier habeas corpus petition. In denying his habeas petition, the district court held that Smith had failed to name the proper respondent or state grounds upon which habeas relief could be granted. We affirm.
 
 
 3
 Robert Smith was convicted on multiple counts of rape and burglary, which resulted in a state prison sentence of 32 years. After exhausting his state remedies, Smith filed a habeas corpus petition alleging that he was denied effective legal assistance at trial and on appeal. In addition, he charged that his due process rights were violated as a result of the knowing use of perjured testimony by the prosecution. Adopting the recommendations of Magistrate Rose, Judge Stotler dismissed the petition with prejudice and denied Smith's request for certificate of probable cause. Subsequently, we affirmed that denial.
 
 
 4
 On August 9, 1990, Smith filed the instant habeas petition, naming Judge Stotler and Magistrate Rose as respondents. In this second habeas petition, Smith alleges that his constitutional rights were violated by respondents' handling of his prior habeas petition. On September 27, 1990, the district court dismissed Smith's second habeas petition.
 
 
 5
 This court reviews the denial of a habeas petition de novo. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989). We hold that Smith's habeas petition was properly dismissed because he does not make the types of claims for which the system of habeas corpus was designed. A proper petition for habeas corpus shall "allege the facts concerning the applicant's commitment or detention." 28 U.S.C. § 2242. In other words, habeas relief is limited to attacks on the legality or duration of confinement. Crawford v. Bell, 599 F.2d 890, 891 (9th Cir.1979); Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).
 
 
 6
 Smith makes no such claims in this appeal. His petition simply fails to allege unlawful or illegal confinement, allegations which would be proper grounds for a habeas corpus action. Wallace v. Christensen, 802 F.2d 1539, 1550 (9th Cir.1986). Rather, apparently dissatisfied with the resolution of his first habeas petition, Smith alleges the violation of his due process and equal protection rights by Judge Stotler and Magistrate Rose. However, in no way did the actions of Judge Stotler and Magistrate Rose bear upon Smith's conviction, or affect the terms of his confinement. Since Smith has not made a valid claim, there is nothing for this court to review. The district court's dismissal of Smith's habeas petition is therefore affirmed.
 
 
 7
 Smith also requests that this court review the constitutional challenges to his conviction which he asserted in his previous habeas petition. However, those claims were made in his previous habeas petition, and were rejected by the district court. This circuit has affirmed the denial of the certificate of probable cause. Therefore, Smith has exhausted his right to appeal the first habeas petition. Moreover, even if we could liberally construe Smith's current habeas petition and read it as realleging the claims contained in the first petition, we would decline to hear those claims because it would violate the doctrine against successive petitions. 28 U.S.C. § 2244(a). Not only were the claims presented to the court and adjudicated on the merits, Smith failed to show that "the ends of justice would not be served by reaching the merits of the subsequent application." Sanders v. United States, 373 U.S. 1, 15 (1963).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3