972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leandrew GRAYSON, Petitioner-Appellant,
v.
ATTORNEY GENERAL OF THE STATE OF ARIZONA; Hal Carden,
Warden, Respondents-Appellees.
 No. 91-16937.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.*
Decided Aug. 4, 1992.
 
 Before WRIGHT, FARRIS and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Grayson, an Arizona state prisoner, is serving sentences for three counts of aggravated assault and one count of misconduct involving a weapon. The state of Arizona moved to dismiss his habeas corpus petition. Grayson appeals pro se the district court's grant of summary judgment and dismissal of his petition.
 
 
 3
 Grayson's petition alleged that: (1) he should be eligible for parole; (2) his sentence was improperly enhanced; (3) state officials mishandled his application for a pardon; and (4) prison officials failed to provide proper care for his medical problems.
 
 
 4
 Grayson may have habeas relief if his incarceration violates the Constitution, laws or treaties of the United States. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Yet his allegations regarding his eligibility for parole, his application for a pardon, and his sentencing require interpretation of Arizona state laws. The district court did not err in finding that these allegations raised questions of state law, not cognizable habeas corpus claims.
 
 
 5
 Grayson also alleged that prison officials failed to provide proper medical care. Because this claim does not challenge Grayson's conviction or seek relief from custody, the district court dismissed it from this habeas proceeding. The district court advised Grayson to file an action under 42 U.S.C. § 1983 if he wished to pursue the claim.
 
 
 6
 Yet the Supreme Court's decision in Wilwording v. Swenson, 404 U.S. 249, 251 (1971), instructs the district court to read this as a claim under § 1983. See Young v. Armontrout, 795 F.2d 55, 56 (8th Cir.1986); Hansen v. May, 502 F.2d 728, 729-30 (9th Cir.1974); Galligher v. McCarthy, 470 F.2d 740, 741 (9th Cir.1972). The district court must therefore treat this portion of Grayson's petition on remand as a claim for relief under § 1983.
 
 
 7
 The district court's order is AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3