15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lyle John HITCHCOCK, Petitioner-Appellant,
v.
Clifton FLOYD, Warden, Respondent-Appellee.
 No. 92-56473.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 26, 1993.*
Decided Dec. 29, 1993.
 
 Before: KILKENNY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lyle John Hitchcock, a federal prisoner, appeals pro se the district court's dismissal without prejudice of his petition for writ of habeas corpus challenging the medical care he has received in prison. We conclude that the district court should have construed Hitchcock's complaint as a 42 U.S.C. Sec. 1983 action. Accordingly, we reverse.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Petitioner-Appellant Lyle John Hitchcock is currently a federal prisoner at the Lompoc Federal Correctional Institution at Lompoc, California, where he is serving a 60-month sentence. On February 27, 1992, he filed a petition for writ of habeas corpus claiming that prison officials were providing inadequate treatment for his depression and the severe pain in his hands and feet. On February 28, 1992, the United States Magistrate Judge issued a report and recommendation that the district court dismiss the habeas petition without prejudice.[1] Hitchcock filed his response to the Magistrate Judge's recommendation on March 16, 1992.
 
 
 4
 On April 21, 1992, Hitchcock moved for a temporary restraining order enjoining prison officials from requiring him to work at any prison job until his habeas petition was heard, enjoining them from disciplining him for not working, and requiring them to provide access to medical treatment. The motion was denied.
 
 
 5
 On September 30, 1992, the district court issued its order adopting the Magistrate Judge's findings, conclusions, and recommendations and dismissing Hitchcock's petition without prejudice. This appeal is timely.[2]
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 6
 The district court had subject matter jurisdiction pursuant to 28 U.S.C. Sec. 2241. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 
 7
 Our review of a denial of a petition for writ of habeas corpus is de novo. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993); Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). "To the extent it is necessary to review findings of fact, the clearly erroneous standard applies." Thomas, 923 F.2d at 1364.
 
 III.
 DISCUSSION
 
 8
 Following the district court's denial of Hitchcock's habeas petition, Hitchcock brought this appeal in which he argues that the district court erred (1) in requiring him to exhaust administrative remedies, and (2) in denying his petition on the ground that he could not be released from confinement for medical treatment and diagnosis.[3]
 
 
 9
 Hitchcock is entitled to habeas relief if his incarceration violates the Constitution, laws, or treaties of the United States. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). "According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." Crawford v. Bell, 599 F.2d 890, 891 (9th Cir.1979) (citing Preiser v. Rodriguez, 411 U.S. 475, 484-86 (1973)). Hitchcock's allegations, however, do not make such attacks.
 
 
 10
 A challenge to conditions of confinement should be presented in a 42 U.S.C. Sec. 1983 action rather than in a habeas corpus petition. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991); Crawford v. Bell, 599 F.2d at 891-92. Pro se complaints are liberally construed. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Therefore, when a pro se litigant labels a complaint seeking relief from prison conditions as a habeas petition, a court should treat it as a section 1983 action. Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam); Hansen v. May, 502 F.2d 728, 729-30 (9th Cir.1974); Galligher v. McCarthy, 470 F.2d 740, 741 (9th Cir.1972).
 
 
 11
 Hitchcock's petition should have been construed as a 42 U.S.C. Sec. 1983 action, which has two elements: (1) The defendant must have acted under color of state law, and (2) his conduct must have deprived the plaintiff of a constitutional right. Ketchum v. County of Alameda, 811 F.2d 1243, 1245 (9th Cir.1987). If Hitchcock cannot allege sufficient facts to satisfy these elements,[4] then dismissal will be appropriate. We remand so that the district court may properly construe Hitchcock's complaint.
 
 
 12
 VACATED AND REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This recommendation was based upon the Magistrate Judge's finding that Hitchcock complained of conditions of confinement, which is not a proper ground for habeas relief
 
 
 [2]
 After Hitchcock filed this appeal, he moved for summary judgment and for calendaring, arguing that he has been prejudiced by delays caused by the district court and by the respondent and by error or delay by the district court clerk. We need not rule on these motions because we are remanding the case to the district court, as explained below
 
 
 [3]
 These arguments are irrelevant because dismissal was not based upon these grounds. Instead, the district court dismissed because it agreed with the Magistrate Judge that "[i]t plainly appears from the face of the Petition that Petitioner is not entitled to habeas relief."
 
 
 [4]
 Hitchcock's claim is based upon the Eighth Amendment, which is violated if prison personnel treated Hitchcock's serious medical needs with deliberate indifference amounting to cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 106 (1976)