19 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert R. ESTRADA, Plaintiff-Appellant,
v.
James H. GOMEZ, et al., Defendants-Appellees.
 No. 93-16000.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 10, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert R. Estrada, a California state prisoner, appeals pro se the district court's order staying his 42 U.S.C. Sec. 1983 civil rights action. In his complaint, Estrada claims that prison officials at Pelican Bay State Prison (Pelican Bay) are: (1) emitting a high frequency sound causing psychological trauma and stress; (2) denying Estrada adequate legal access; (3) conspiring to murder Estrada in retaliation for his civil rights litigation; (4) double-celling Estrada with violent gang members; and (5) failing to provide an educational program for inmates. Estrada is seeking declaratory, injunctive and monetary relief as well as a preliminary injunction.
 
 
 3
 The district court determined that the policies and rules raised in Estrada's complaint are the subject of the class action litigation known as In re Pelican Bay State Prison Litigation, CV-90-3094-TEH. Therefore, the district court stayed the entire action pending final resolution of the class action in order to avoid inconsistent adjudication. Prior to reaching the merits of this appeal, we must determine whether we have jurisdiction.
 
 Jurisdiction
 
 4
 Generally, this court lacks jurisdiction to consider an appeal until a final judgment resolving the merits of the cause of action has been entered. 28 U.S.C. Sec. 1291; Marchetti v. Bitterolf, 968 F.2d 963, 965 (9th Cir.1992). This court has jurisdiction to consider certain interlocutory orders such as those "granting, continuing, modifying, refusing or dissolving injunctions." Privitera v. California Bd. of Medical Quality Assurance, 926 F.2d 890, 892 (9th Cir.1991) (citing 28 U.S.C. Sec. 1292(a)(1)). Where the district court stays an action in addition to denying a preliminary injunction, the entire order may be appealable under 28 U.S.C. Sec. 1292(a)(1). "To hold otherwise would mean that the denial of a preliminary injunction would be effectively unappealable because a reversal on that issue would have no effect." Id. Even if an order does not directly rule on an injunction, it is appealable under Sec. 1292(a)(1) if two requirements are met. See Privitera, 926 F.2d at 893 (citing Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981)). First, the order must have the "practical effect of refusing an injunction." Id. (citing Carson, 450 U.S. at 84). Second, the order is appealable if it "might have serious, perhaps irreparable consequence, and can be effectually challenged only by immediate appeal." Id.
 
 
 5
 The district court's order staying Estrada's civil rights action is appealable as an interlocutory order under 28 U.S.C. Sec. 1292(a)(1). Although the district court did not rule directly on Estrada's request for a preliminary injunction, the order had the practical effect of refusing an injunction because it stayed the entire action. See Privitera, 926 F.2d at 893. In addition, the "denial" of the injunction may have serious and even irreparable consequences. See id. If Estrada's allegations are true, Estrada's life may be in danger based on the alleged murder conspiracy and the double-celling with gang members.[1] The stay could not effectively be reviewed on appeal from a final judgment because the injuries to Estrada may have already occurred. Accordingly, we conclude that the district court's order staying the action is immediately appealable under 28 U.S.C. Sec. 1292(a)(1). See id. at 894.
 
 Stay Pending Adjudication of Class Action
 
 6
 Estrada contends that the district court erred in staying his civil rights action pending resolution of the class action because it has deprived him of a legal forum for his claims. This contention has some merit.
 
 
 7
 A stay of an action pursuant to the district court's inherent power to control its own docket is reviewed for an abuse of discretion. Mediterranean Enterprises, Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir.1983). The district court may enter a stay of an action, pending resolution of independent proceedings which bear upon the case. Id. "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." Id. Increasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties. Crawford v. Bell, 599 F.2d 890, 893 (9th Cir.1979). As between federal district courts, the general principle is to avoid duplicative litigation, although no precise rule has evolved. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).
 
 
 8
 The district court did not abuse its discretion in staying Estrada's civil rights action to the extent that he raises claims which are similar to the issues raised in the class action. See Crawford, 599 F.2d at 892-93 (district court may dismiss individual claims that are duplicated in class action). The class action contains issues which are almost identical to Estrada's claims of denial of legal access and double-celling.[2] Although Estrada is seeking monetary relief in addition to equitable relief, and the class action addresses equitable relief only, the district court may stay all of Estrada's claims for relief, pending the adjudication of the class action. See Deakins v. Monaghan, 484 U.S. 193, 201-02 (1988) (district court should stay rather than dismiss monetary claims that are not cognizable in parallel state proceeding). Accordingly, the district court did not abuse its discretion in staying Estrada's claims concerning denial of legal access and double-celling. See Crawford, 599 F.2d at 892-93; Mediterranean Enterprises, 708 F.2d at 1465.
 
 
 9
 In addition, some of the issues in the class action may impact on Estrada's claims, even though they are not directly at issue in that litigation. The class action litigation may affect Estrada's claims regarding retaliation in the form of a murder conspiracy and the lack of educational programs.[3] To the extent that Estrada is seeking prospective relief, the district court did not abuse its discretion in staying these claims, since the resolution of the class action may bear upon Estrada's individual case. See Mediterranean Enterprises, 708 F.2d at 1465.
 
 
 10
 However, the district court abused its discretion when it stayed these claims without considering Estrada's request for a preliminary injunction. As previously noted, by staying the action the district court effectively denied the motion for preliminary injunction. See Privitera, 926 F.2d at 894. We review the denial of a preliminary injunction for an abuse of discretion or for a determination that the district court based its decision on an erroneous legal standard or clearly erroneous findings of fact. See id. at 897. Here, the district court did not consider the motion for preliminary injunction before staying the action. Therefore, the court could not have applied the correct legal standard.[4] Because the district court did not consider Estrada's request for a preliminary injunction, we reverse the stay of Estrada's claims for retaliation and the lack of educational programs and remand. See Privitera, 926 F.2d at 897-98.[5]
 
 
 11
 Finally, the district court abused its discretion in staying Estrada's claim concerning the emission of a high frequency noise because this claim is not at issue in the class action. See Crawford, 599 F.2d at 893 (district court erred in dismissing allegations of individual's complaint which exceeded allegations and relief prayed for in the class action). While the majority of Estrada's claims are arguably at issue to some extent in the class action litigation, nothing in the class action addresses Estrada's complaint of a high frequency noise. Although the district court has the inherent power to control its own docket, the court erred in finding that this claim is the subject of the class action. In addition, the district court erred in staying this claim without considering Estrada's request for a preliminary injunction. See Privitera, 926 F.2d at 897-98. Accordingly, we reverse the stay of Estrada's claim concerning the emission of a high frequency noise and remand.
 
 Denial of In Forma Pauperis Request
 
 12
 Estrada contends that the district court erred in denying his request for leave to proceed in forma pauperis. This contention has merit.
 
 
 13
 "A denial of a motion to proceed in forma pauperis is a final judgment that is immediately appealable pursuant to 28 U.S.C. Sec. 1291." Tripati v. Rison, 847 F.2d 548 (9th Cir.1988). We review for an abuse of discretion. O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990). A court may authorize the commencement of any action without prepayment of fees and costs, when a person states in an affidavit that he or she is unable to pay such costs. 28 U.S.C. Sec. 1915(a). "[A] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." O'Loughlin, 920 F.2d at 616.
 
 
 14
 Here, the district court denied Estrada's request for leave to proceed in forma pauperis without explanation. The district court stayed the action pending final adjudication of the class action, but this determination does not amount to a finding that Estrada's complaint is frivolous. Furthermore, Estrada's complaint does not appear to be frivolous as he has stated claims which have an arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Moreover, Estrada's declaration supports his inability to pay the filing fee because he indicates that he has been unemployed since 1974, has no source of income and has no assets. Accordingly, the district court abused its discretion in denying Estrada's request for leave to proceed in forma pauperis. See O'Loughlin, 920 F.2d at 616.
 
 Conclusion
 
 15
 The district court's stay of Estrada's claims regarding the denial of legal access and double-celling is affirmed. The court's stay of Estrada's claims for retaliation, lack of educational programs and the emission of a high frequency noise are reversed. The court's denial of Estrada's request to proceed in forma pauperis is reversed. We remand so that the district court may consider Estrada's request for preliminary injunction and for further proceedings on Estrada's claim of a high frequency noise.
 
 
 16
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Estrada's other claims raise the possibility of serious consequences also. Estrada contends that he is experiencing psychological and physical injury because of the high frequency sound, that he has already missed court deadlines due to inadequate law library access and that he is prohibited from receiving a parole date because of the lack of educational programs. Estrada also argues that these injuries are likely to continue unless he receives injunctive relief
 
 
 [2]
 We take judicial notice of the amended complaint filed May 12, 1993 in the class action litigation known as In re Pelican Bay State Prison Litigation (also known as Madrid v. Gomez ), CV-90-3094-TEH. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992) (Ninth Circuit may take notice of proceedings in other courts if those proceedings are directly related to issues on appeal)
 
 
 [3]
 While the class action does not address Estrada's specific claim of retaliation, the litigation concerns the large number of assaults between cell partners, the lack of criteria for assigning cell partners, and the procedure for assigning inmates to the Secured Housing Unit (SHU) based on gang affiliation. Thus, the class action may impact on Estrada's claim that the defendants are purposefully housing him with known gang members in order to have him killed. Furthermore, the procedure for assigning inmates to SHU is at issue in the class action, including the elimination of a prisoner's opportunity to enter programs or enjoy privileges at Pelican Bay. This issue may impact on Estrada's claim that he will not receive a parole release date because of the lack of educational programs for prisoners in SHU
 
 
 [4]
 "To obtain a preliminary injunction, the moving party must demonstrate either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." Privitera, 926 F.2d at 897. Estrada alleges that his life is in danger because the defendants are housing him with known gang members in an attempt to kill him. Estrada also alleges that the defendants are denying him the possibility of parole by failing to provide any educational programs. These allegations, if true, demonstrate a possibility of irreparable injury. See id
 
 
 [5]
 We do not imply that a stay of these claims would be inappropriate after consideration of the request for a preliminary injunction. The district court, however, must consider the request for a preliminary injunction before staying these claims. See Privitera, 926 F.2d at 896-98