45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael MILLIGAN, Petitioner-Appellant,
v.
STATE OF OREGON, Respondent-Appellee.
 No. 94-35731.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 27, 1994.
 
 Before: SNEED, D.W. NELSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Milligan, an Oregon state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition. In 1986, after being convicted of attempted murder and carrying a dangerous weapon, Milligan was sentenced to a total term of twenty years' imprisonment. He contends the district court erred when it dismissed his petition for failure to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. After accepting the district court's factual findings unless clearly erroneous and reviewing its conclusions of law de novo, Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990), we affirm in part, reverse in part and remand.
 
 
 3
 A state prisoner challenging his conviction or sentence must exhaust state remedies before the federal courts will consider his habeas claims. Ex parte Royall, 117 U.S. 241 (1886); 28 U.S.C. Sec. 2254(b), (c). In order to exhaust state remedies, a petitioner must fairly present all of his habeas claims to the highest state court available. Picard v. Connor, 404 U.S. 270, 276 (1971).
 
 
 4
 On February 7, 1994, Milligan filed a habeas petition in district court and moved for appointment of counsel. In his petition, Milligan alleged that he had been "tortured and brainwashed into pleading guilty" and that the prosecution had failed to disclose evidence favorable to his defense. Milligan also described at length his belief that individuals unknown to him are radiating his brain with electromagnetic waves and how, absent medication, he is defenseless against this activity which has caused and is causing brain damage and will eventually cause his death. Milligan noted that "of all the government officials and employees who I have had contact with over the last twenty years, no one has suggested that I be subjected to more than a cursory psychiatric examination."
 
 
 5
 On March 28, 1994, Magistrate Judge Coffin denied without prejudice Milligan's motion for appointment of counsel and ordered Milligan to demonstrate that he had exhausted state remedies or establish cause for any procedural default. On May 25, 1994, Magistrate Judge Coffin found that (a) Milligan had failed to exhaust state remedies because although he had sought state habeas relief from the Marion County Circuit Court, he had never sought relief from the state court of appeals or the state supreme court; and (b) Milligan's belief that he was the subject of electromagnetic radiation did not excuse his failure to present his claims to the highest state court available. On July 8, 1994, the district court adopted Magistrate Judge Coffin's findings and dismissed Milligan's habeas petition for failure to exhaust state remedies.
 
 
 6
 The district court's factual finding--that Milligan failed to present to the state's highest court the claims challenging his conviction which he now raises in his federal petition--is not clearly erroneous. Consequently, we affirm the district court's dismissal of Milligan's habeas petition on the grounds that Milligan has failed to exhaust state remedies. Picard, 404 U.S. at 276; Jones, 899 F.2d at 884.
 
 
 7
 Even though a petitioner files his action as a petition for writ of habeas corpus, a petitioner is "entitled" to have his allegations treated as a claim for relief under 42 U.S.C. Sec. 1983 (the Civil Rights Acts) to the extent that his allegations state a claim for relief under the Civil Rights Acts. Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam); Galligher v. McCarthy, 470 F.2d 740, 741 (9th Cir.1972). Because Milligan's allegations are sufficient to state a claim for deliberate indifference to adequate medical care, see Estelle v. Gamble, 429 U.S. 97, 104 (1976); Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir.1982), we reverse the district court's order of dismissal, see Wilwording, 404 U.S. at 251; Galligher, 470 F.2d at 741. We express no opinion on the merits of Milligan's section 1983 action. However, it is apparent from the face of Milligan's pleadings that counsel could be of assistance to Milligan and to the court. Accordingly, we remand this matter to the district court with instructions to treat Milligan's allegations as a claim for relief under 42 U.S.C. Sec. 1983 and for appointment of counsel.
 
 
 8
 AFFIRMED in part, REVERSED in part and REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3