59 F.3d 177
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Mike WYMORE, Petitioner-Appellant,
v.
OREGON STATE HOSPITAL, Respondent-Appellee.
 No. 93-36129.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1995.
Decided June 29, 1995.
 
 1
 Before: CANBY and REINHARDT, Circuit Judges, and LEGGE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Mike Wymore, a patient in the custody of the Oregon State Hospital, appeals the district court's judgment dismissing his petition for a writ of habeas corpus. We affirm.
 
 BACKGROUND
 
 4
 The State of Oregon brought a charge of sodomy in the first degree against Wymore for his alleged sexual assault of a fellow patient at the Fairview Training Center. On July 18, 1978, an Oregon court found Wymore not responsible for the crime by reason of mental disease or defect. The court placed him under the jurisdiction of the Psychiatric Security Review Board, a state agency distinct from the Department of Corrections, for a period not to exceed 20 years. Wymore has been diagnosed as having organic personality disorder and mental retardation.
 
 
 5
 In 1989, Wymore filed a petition for a writ of habeas corpus in the state courts, alleging that the Hospital unlawfully denied him treatment for his condition. That petition was denied, and its denial was affirmed on appeal. Wymore thus apparently exhausted all state remedies. He then unsuccessfully petitioned the federal district court for a writ of habeas corpus.
 
 ANALYSIS
 
 6
 We review de novo the district court's decision to grant or deny a petition for habeas corpus. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir. 1994). "To the extent it is necessary to review findings of fact, the clearly erroneous standard applies." Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir. 1991).
 
 
 7
 Habeas proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement.[1] Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Habeas is unavailable, however, merely to test the conditions of one's confinement. Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1994). The proper remedy for such complaints is a civil rights action under 42 U.S.C. Sec. 1983. Crawford, 599 F.2d at 892.
 
 
 8
 In the present case, the magistrate concluded that Wymore's claim that he had been denied treatment challenged the conditions of his confinement. We agree. If Wymore were to succeed in his request for an order compelling treatment, that relief would have no necessary effect on the duration of his confinement. The relation between treatment and release is too speculative to support a habeas remedy. Because Wymore's claim for treatment addresses only the conditions of his confinement, his appropriate remedy lies in section 1983.
 
 
 9
 Wymore also argues that he has sought the alternative remedy of release from confinement if treatment is not make available, and that his request for such relief warrants invocation of our habeas jurisdiction. We cannot address that issue, however, because neither Wymore's petition in the district court, which he filed pro se, nor the amended petition filed by his counsel, requests the alternative relief that Wymore relies on. The sole request for relief in both the petition and the amended petition was for psychiatric treatment.
 
 
 10
 Wymore next contends that his continued custody and confinement at the Hospital, coupled with the Hospital's alleged failure to provide any treatment for his condition, amounts to a de facto criminal sentence. Under Wymore's theory, he should be entitled to good time credits under Oregon's good time statute, O.R.S. Sec. 421.120, like any other prisoner. That argument constitutes an attack upon the length of his confinement and as such would be a proper subject for habeas review. We find, however, that the statute does not support Wymore's claim.
 
 
 11
 Under O.R.S. Sec. 421.120, good time credit is available to each inmate "confined in the execution of judgment of a sentence upon any conviction." The basis of any reduction is related to the time "actually served in the Department of Corrections institution." Wymore fails to satisfy either of these qualifications. He was not convicted of any crime. He has been committed not to a Department of Corrections institution, but to a facility under the jurisdiction of the Psychiatric Security Review Board and the State Mental Health and Development Disability Services Division. By the statute's clear terms, then, Wymore's argument for good time credit fails. Accordingly, he has no statutory liberty interest to support his constitutional claim. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974) (right to good time is constitutionally protected only when state elects to create entitlement to it).
 
 
 12
 We affirm the district court's denial of Wymore's petition. His claim for treatment is not cognizable in habeas, and he has shown no entitlement to good time credits that would give rise to a constitutionally protected liberty interest. We also affirm the district court's denial of Wymore's motion for an evidentiary hearing. The purpose of such a hearing would be to demonstrate the inadequacy or lack of psychiatric treatment; that issue, as we have said, is not cognizable in habeas.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 Federal courts have jurisdiction over an application for a writ of habeas on behalf of persons "in custody pursuant to a judgment of a state court." 28 U.S.C. Sec. 2254(b). "Like criminal incarceration, involuntary commitment satisfies section 2254's custody requirement. Brock v. Weston, 31 F.3d 887, 890 (9th Cir. 1994). Thus, if Wymore meets all other qualifications, his status as a mental patient will not disqualify him from habeas relief