70 F.3d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel ZARATE, Plaintiff-Appellant,
v.
James K. ROWLAND; B.J. Bunnell, Superintendent; L.R.
Snider; J. Negrete; J.F. Austin; Charles D.
Marshall, Warden; Biddle, Lt.,
Defendants-Appellees.
 No. 94-16341.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1995.*
Decided Nov. 9, 1995.
 
 Before: GOODWIN, PREGERSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manuel Zarate, an inmate at Pelican Bay State Prison in California, appeals pro se the district court's summary judgment in favor of the defendant prison officials in his 42 U.S.C. Sec. 1983 civil rights action challenging his indefinite assigment to the prison's Security Housing Unit (SHU) based on his alleged association with a prison gang. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.[1] We affirm in part, reverse in part, and remand.
 
 
 3
 * Background
 
 
 4
 Zarate is serving a seven-years-to-life sentence. He is confined for an indeterminate term in the SHU because prison authorities have determined that he is a member or associate of the prison gang known as the "Mexican Mafia" or "EME." Under Department of Corrections policy, he will not be released from the SHU or allowed into the general prison population unless he "debriefs," or dissassociates himself from the gang by giving prison officials information on the gang's members and activities.
 
 
 5
 In his amended complaint, Zarate alleged, among other claims, that his indefinite segregation in SHU violates his right to due process because his classification as a gang member is unsupported by reliable evidence. He also alleged that the debriefing requirement exposes him to the risk of retaliation by other inmates, and that it is, in effect, a condition of parole, because inmates are not considered for parole while they are assigned to the SHU. He further alleged that his resulting indefinite confinement in the SHU constitutes cruel and unusual punishment, and results in denial of his First Amendment rights and of adequate access to the law library. He requested declaratory and injunctive relief and monetary damages.
 
 
 6
 On March 16, 1993, the district court ordered defendants to file a motion for summary judgment addressing the claims the court had ruled were cognizable. The court also denied Zarate's motion, filed in response to a notice of related cases, opposing "consolidation" of his case with the class action Madrid v. Gomez, C90-3094-TEH (N.D.Cal.), then pending before Judge Thelton Henderson. The district court stated that Judge Henderson would decided whether the cases would be consolidated.
 
 
 7
 On June 30, 1994, on cross-motions for summary judgment, the district court granted summary judgment for the defendants. In the same order, the district judge declined to rule on two claims he deemed to be within the purview of the Madrid class action, in effect dismissing them. Specifically, the court declined to rule on Zarate's claims that (1) his classification as a gang member and his indefinite detention in the SHU unless he "debriefs" violates his due process rights, and (2) his indefinite confinement in the SHU constitutes cruel and unusual punishment. Dismissal of these claims was error.
 
 
 8
 A district court may dismiss a plaintiff's claims that duplicate allegations and requests for relief in a pending class action in which the plaintiff is a class member. Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir.1979). However, a district court should not dismiss an individual's claims if the allegations or requests for relief go beyond the pending class action. Id. at 893. In such a case, the individual plaintiff's claims should be stayed, rather than dismissed.
 
 
 9
 The claims the district court declined to address are similar to claims presented in Madrid, which also challenged the gang member classification system and conditions of confinement in the Pelican Bay SHU.[2] However, the district court erred when it stated: "Plaintiff seeks solely equitable relief." See Order of June 30, 1994 at p. 9. As the court had previously acknowledged, Zarate seeks monetary damages as well as injunctive relief. Because Zarate seeks relief beyond the scope of the class action, the court could have stayed Zarate's action as to those claims, but should not have dismissed them. See Crawford, 599 F.2d at 892-93.
 
 
 10
 Moreover, it is unclear whether Zarate's due process claim is identical to the due process claim asserted by the Madrid class. Zarate contends that his segregation in the SHU as a gang member violates due process because his only alternatives are to "debrief" and risk retaliation by other inmates, or to remain in the SHU potentially for life, because he will not be granted parole as long as he is in the SHU. The impact of segregation on parole decisions, and consequently on the duration of confinement, has not been addressed by the Madrid court.[3] In light of the Supreme Court's recent opinion in Sandin v. Conner, 115 S.Ct. 2293 (1995), decided while this appeal was pending, the duration of administrative segregation and its impact on parole decisions are potentially significant aspects of Zarate's due process claim that have not been considered. See id. at 2302 & n. 10 (Conner's 30-day disciplinary segregation did not violate due process because it "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," where the disciplinary segregation Conner challenged could not delay his release on parole).
 
 
 11
 Accordingly, on remand, the district court shall allow Zarate to proceed with his claims that indefinite confinement in the SHU constitutes cruel and unusual punishment and violate due process. The court should also consider Zarate's request for appointed counsel to assist with these claims (see district court order of March 16, 1994 at p. 14 (defering ruling on motion for appointment of counsel).
 
 
 12
 We affirm the judgment in all other respects.
 
 
 13
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees state incorrectly that the notice of appeal was untimely. Judgment was entered on July 8, 1994, and the notice of appeal was timely filed on August 2, 1994
 
 
 [2]
 The Madrid class is defined as: "all prisoners who are, or will be, incarcerated by the State of California Department of Corrections at Pelican Bay State Prison." Madrid, 889 F.Supp. 1146, 1155 (N.D.Cal.) (findings of fact, conclusions of law, and order (Jan. 10, 1995)). Among other claims, the plaintiffs allege that the conditions in the SHU are inhumane and that prison officials fail to provide adequate procedural safeguards when segregating prison gang affiliates in the SHU. See id. The class seeks injunctive and declaratory relief. See id
 
 
 [3]
 In its findings of January 10, 1995, the Madrid court addressed whether Pelican Bay policies and procedures for validating gang members and segregating them in the SHU violate due process. The court found the procedural protections for segregating gang members generally adequate, except for a failure to flag evidence rejected as unreliable so that it is not subsequently relied on by other decisionmakers to validate an inmate. See id. at 1279. The court's order does not, however, "preclude any individual inmate who believes he was wrongfully validated from challenging his validation on the ground that the record lacks 'some indicia of reliability' with respect to the confidential information relied upon." Madrid, 889 F.Supp. 1146, 1277