### Dennis W. McDONALD, Petitioner–Appellant,

v.

### Robin BATES; Frankie Sue Del Papa, Respondents–Appellees.

No. 00–15524.

D.C. No. CV–99–00653–HDM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 27, 2001.

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

Dennis W. McDonald appeals the district court's sua sponte dismissal of his 28 U.S.C. § 2241 petition. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997), and we reverse and remand.

McDonald filed his § 2241 petition, seeking release from prison in order to obtain medical treatment for his Hepatitis

C. The district court sua sponte dismissed McDonald's § 2241 petition, finding that because McDonald was not challenging the "legality or duration" of his confinement, his use of § 2241 was improper. The district court further found that because McDonald was challenging the "conditions of [his] confinement," he could seek relief through a 28 U.S.C. § 1983 civil rights action.

When a pro se habeas corpus petition may be fairly read to state a claim under the Civil Rights Act, it should be so construed. *See Hansen v. May*, 502 F.2d 728, 729–30 (9th Cir.1974); *Galligher v. McCarthy*, 470 F.2d 740, 741 (9th Cir.1972). Furthermore, courts have a duty to construe pro se pleadings liberally. *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir.2001) (internal quotation marks and citations omitted). We therefore reverse and remand to the district court with instructions to construe McDonald's petition as a § 1983 complaint and to proceed accordingly. *See Hansen*, 502 F.2d at 729–30; *Galligher*, 470 F.2d at 741.

We express no opinion on the merits of McDonald's § 1983 action.

**REVERSED and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Petitioner's request for expedited review is denied as moot.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.