Thomas J. **LYNCH, Jr.,** Petitioner–Appellant,

v.

Edward S. **ALAMEIDA, Jr.,** Director, Respondent–Appellee.

No. 03–56011.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 22, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

California state parolee Thomas J. Lynch, Jr. appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). We review *de novo, Bribiesca v. Galaza,* 215 F.3d 1015, 1018 (9th Cir.2000), and we affirm.

Lynch contends on appeal that the district court erred by denying his petition because mandatory collection of DNA samples under California Penal Code § 296 violates the Ex Post Facto Clause. We disagree.

The district court denied this contention on the basis that it should have properly been brought under 42 U.S.C. § 1983, rather than 28 U.S.C. § 2254, because it only relates to a condition of Lynch's confinement. We agree and affirm. *See Heck v. Humphrey,* 512 U.S. 477, 482–83, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Crawford v. Bell,* 599 F.2d 890, 891–92 (9th Cir.1979).

Even assuming that Lynch had raised this claim under 42 U.S.C. § 1983, it is nevertheless foreclosed by *United States v. Kincade,* 379 F.3d 813, 832–34 (9th Cir. 2004) (en banc) (holding similar federal DNA collection statute not to be a Fourth Amendment violation). *See also Rise v. Oregon,* 59 F.3d 1556, 1562 (9th Cir.1995)

---

(holding that Oregon DNA collection statute did not violate Ex Post Facto Clause).

Appellant's August 13, 2003, petition for en banc rehearing of his motion to broaden the certificate of appealability is denied on behalf of the court. *See* 9th Cir. Gen. Ord. 6.11.

AFFIRMED.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.